## MARIBEL COLON ET AL. *v.* BOARD OF EDUCATION OF THE CITY OF NEW HAVEN ET AL.
### (AC 18738)

Landau, Hennessy and Mihalakos, Js.

Argued February 29—officially released October 3, 2000

*William F. Gallagher*, with whom, on the brief, were *Kurt D. Koehler* and *Tara Knight*, for the appellants (plaintiffs).

*Raymond E. Epps*, with whom, on the brief, were *Tracey C. Kammerer*, *Thomas W. Ude, Jr.*, *James S. DelVisco*, *Audrey C. Kramer* and *Michael A. Wolak III*, for the appellees (defendants).

*Opinion*

HENNESSY, J. The plaintiffs, Maribel Colon and Maria Garcia,[1] appeal from the judgment of the trial court rendered following the granting of a motion for summary judgment in favor of the defendant board of education of the city of New Haven[2] on the ground that the defendant was immune from liability under the doctrine of governmental immunity. On appeal, the plaintiffs claim that the court improperly determined that (1) the defendant was immune from liability and (2) that an exception to governmental immunity did not apply in this case. We reverse the judgment of the trial court.

The following facts are necessary for our resolution of this appeal. The plaintiffs brought this action for personal injuries sustained by Colon while she attended school in New Haven. The plaintiffs alleged that Colon was in the hallway of the school when she was struck in the head and facial area by a door that was swung open by Geneva Pollack, a teacher at the school.

[1] The plaintiff Maribel Colon, a minor, brought this action by and through her mother, the plaintiff Maria Garcia. The plaintiff Maria Garcia also alleged a claim for damages against the defendants arising from the minor plaintiff's injuries.

[2] In addition to the claims against the defendant board of education, the plaintiffs alleged claims against the chairman of the board of education, the superintendent of schools and the city of New Haven. Summary judgment was rendered in favor of those defendants, and the plaintiffs have not alleged any impropriety with the trial court's judgment as to those defendants. The plaintiffs' claims on appeal concern only the court's judgment as to count one of the complaint, which was brought against the board of education. Therefore, in this opinion we refer to the board of education as the defendant.

In count four, the plaintiff Maria Garcia alleges a claim for damages for medical expenses incurred in connection with the minor plaintiff's injuries. The court concluded that because the motion for summary judgment was granted in favor of the defendant as to counts one, two and three, summary judgment should be rendered in favor of the defendant as to count four as well. Because we reverse the judgment of the trial court as to count one of the complaint, the court's judgment as to count four is also reversed to the extent that count four depends on the claims in count one.

The first count of the complaint alleged that the defendant was liable for the negligence of its agent, servant or employee, Pollack. The defendant denied the allegations of the complaint and raised special defenses asserting, inter alia, that the plaintiffs' claims were barred by the doctrine of governmental immunity. The defendant moved for summary judgment on the basis of governmental immunity and the plaintiffs' failure to bring an action against the teacher. The trial court rejected the defendant's argument that the plaintiffs' failure to bring an action against the teacher barred their recovery. The court granted the motion for summary judgment, however, finding that the action of the teacher was discretionary and thus that the defendant was immune from liability under the doctrine of governmental immunity unless the action fell within an exception to the rule that a government agency may not be held liable for its discretionary acts. The court then determined that the only exception relevant to this case, the identifiable person-imminent harm exception, did not apply. The plaintiffs appealed from that decision.

"While '[a] municipality itself was generally immune from liability for its tortious acts at common law; *Ryszkiewicz* v. *New Britain*, 193 Conn. 589, 593, 479 A.2d 793 (1984) . . . its employees faced the same personal tort liability as private individuals.' *Gordon* v. *Bridgeport Housing Authority*, [208 Conn. 161, 165, 544 A.2d 1185 (1988)]. '[A] municipal employee [however,] has a qualified immunity in the performance of a governmental duty, but he may be liable if he misperforms a ministerial act, as opposed to a discretionary act. . . . *Wright* v. *Brown*, 167 Conn. 464, 471, 356 A.2d 176 [1975].' *Fraser* v. *Henninger*, 173 Conn. 52, 60, 376 A.2d 406 (1977).

"The immunity from liability for the performance of discretionary acts by a municipal employee is subject to three exceptions or circumstances under which liability

may attach even though the act was discretionary: first, where the circumstances make it apparent to the public officer that his or her failure to act would be likely to subject an identifiable person to imminent harm . . . second, where a statute specifically provides for a cause of action against a municipality or municipal official for failure to enforce certain laws . . . and third, where the alleged acts involve malice, wantonness or intent to injure, rather than negligence." (Citations omitted.) *Evon* v. *Andrews*, 211 Conn. 501, 505, 559 A.2d 1131 (1989).

"[T]he ultimate determination of whether qualified immunity applies is ordinarily a question of law for the court . . . [unless] there are unresolved factual issues material to the applicability of the defense . . . [where the] resolution of those factual issues is properly left to the jury." *Mulligan* v. *Rioux*, 229 Conn. 716, 736, 643 A.2d 1226 (1994), on appeal after remand, 38 Conn. App. 546, 662 A.2d 15 (1995).

I

The plaintiffs claim first that the court improperly determined that Pollack's action in opening the door was discretionary rather than ministerial. We disagree.

"The hallmark of a discretionary act is that it requires the exercise of judgment. On the other hand, ministerial acts are performed in a prescribed manner without the exercise of judgment or discretion as to the propriety of the action. . . . *Gordon* v. *Bridgeport Housing Authority*, [supra, 208 Conn. 167–68]; *Kolaniak* v. *Board of Education*, 28 Conn. App. 277, 280–81, 610 A.2d 193 (1992). Although the determination of whether official acts or omissions are ministerial or discretionary is normally a question of fact for the fact finder; *Gordon* v. *Bridgeport Housing Authority*, supra, 165; there are cases where it is apparent from the complaint. See *Evon* v. *Andrews*, supra, [211 Conn. 505–507]."

(Internal quotation marks omitted.) *Lombard* v. *Edward J. Peters, Jr., P.C.*, 252 Conn. 623, 628, 749 A.2d 630 (2000).

It is apparent from the complaint that the plaintiffs have not alleged that Pollack was performing a ministerial duty.[3] There is no allegation that Pollack was required to perform in a proscribed manner and failed to do so. See, e.g., *Kolaniak* v. *Board of Education*, supra, 28 Conn. App. 277. In *Kolaniak*, a student slipped and fell on an icy sidewalk at a public school. This court stated that because the board of education issued a bulletin stating that all maintenance workers had to keep the sidewalks clear of snow and ice, it could not prevail on its claim that the maintenance workers' failure to clear the sidewalks was a discretionary act. In that case, the defendant asserted that "because [the maintenance workers] had the responsibility of deciding whether there was sufficient accumulation to begin clearing the walkways, they were performing a discretionary function, and that, therefore, the jury should have decided whether the doctrine of governmental immunity applied." Id., 281. This court concluded, however, that the determination as to when to clear the sidewalks "in accordance with a directive by the policymaking board of education" was not discretionary. Id.

[3] In count one of the complaint, the plaintiffs alleged that Pollack was negligent in the following ways: "(a) In that she was inattentive in that she did not pay proper attention to the safety of the students, including the minor plaintiff, when she opened the aforementioned door; (b) In that she opened the aforementioned door in a quick and abrupt manner, endangering the safety of the students, including the minor plaintiff, who were in the hallway; (c) In that she failed to warn the students in any manner that she was opening a door into a school hallway, when she knew or should have known that opening said door might cause injury or harm to the students including the minor plaintiff; [and] (d) In that she failed to ascertain whether or not students were in the pathway of the door as she opened it, when she knew or should have known that students could be in the hallway at the time."

In the present case, there was no directive describing the manner in which Pollack was to open doors. Rather, it appears that it is Pollack's poor exercise of judgment when opening the door that forms the basis of the plaintiffs' complaint. Accordingly, we conclude that Pollack's actions were discretionary in nature.

## II

The plaintiffs next claim that the court improperly determined, as a matter of law, that Colon was not an identifiable person subject to imminent harm to as to come within an exception to governmental immunity. We agree.

The defendant contends that General Statutes § 52-557n (a) (2), which provides in relevant part that "[e]xcept as otherwise provided by law, a political subdivision of the state shall not be liable for damages to person or property caused by . . . (B) negligent acts or omissions which require the exercise of judgment or discretion as an official function of the authority expressly or impliedly granted by law," does not contain any exception to governmental immunity for discretionary acts where the failure to act would subject an identifiable person to imminent harm. We do not construe the absence of such reference to mean that this exception to governmental immunity no longer exists. The legislative history of § 52-557n is "worse than murky" and "reflects confusion with respect to precisely what part of the preexisting law was being codified, and what part was being limited." *Sanzone* v. *Board of Police Commissioners*, 219 Conn. 179, 188, 592 A.2d 912 (1991). Because the legislative history is not availing, we must apply the tools of statutory construction. Id., 187.

It is a well established rule of statutory construction that "[a] statute should not be construed as altering the common law rule, farther than the words of the statute import, and should not be construed as making any

innovation upon the common law which the statute does not fairly express." (Internal quotation marks omitted.) *State* v. *Kish,* 186 Conn. 757, 764, 443 A.2d 1274 (1982). It is equally well established that "statutes are not readily interpreted as abrogating common-law rights." (Internal quotation marks omitted.) *State* v. *Nugent,* 199 Conn. 537, 548, 508 A.2d 728 (1986). Under the common law, immunity from liability for the performance of discretionary acts is subject to the aforementioned exception "where the circumstances make it apparent to the public officer that his or her failure to act would be likely to subject an identifiable person to imminent harm . . . ." (Citations omitted.) *Evon* v. *Andrews,* supra, 211 Conn. 505. Section 52-557n contains no language evincing a legislative intent to vitiate this exception to governmental immunity for discretionary acts. In the absence of any such language, we do not construe the statute as barring recovery from a political subdivision where this exception applies. We thus conclude that there is no merit to the defendant's argument.

The identifiable person-imminent harm exception applies "not only to identifiable individuals but also to narrowly defined classes of foreseeable victims." *Burns* v. *Board of Education,* 228 Conn. 640, 646, 638 A.2d 1 (1994). "In delineating the scope of a foreseeable class of victims exception to governmental immunity, our courts have considered numerous criteria, including the imminency of any potential harm, the likelihood that harm will result from a failure to act with reasonable care, and the identifiability of the particular victim. E.g., *Evon* v. *Andrews,* supra, 211 Conn. 507–508." *Burns* v. *Board of Education,* supra, 647. In applying these factors, our Supreme Court has held that school children, who are statutorily required to attend school, are an identifiable class of foreseeable victims. Id., 648–49. The trial court in the present case properly concluded

that Colon, who was a student at school, was an identifiable person and within a foreseeable class of victims. The issue, then, is whether the trial court properly determine, as a matter of law, that she was not subject to imminent harm.

In *Evon* v. *Andrews*, supra, 211 Conn. 502, the plaintiff's decedent filed an action against the city of Waterbury and its officers claiming that they had been negligent in failing reasonably to inspect and to enforce statutes concerning the maintenance of a multifamily rental unit that the decedent was occupying when it was destroyed by fire. In concluding that the allegations of the complaint did not rise to the level of imminence so as to come within the exception, the court stated that the imminent harm exception for discretionary acts did not apply under those facts because "[t]he risk of fire implicates a wide range of factors that can occur, if at all, at some unspecified time in the future. . . . In the present instance, the fire could have occurred at any future time or not at all." Id., 508.

In *Burns* v. *Board of Education*, supra, 228 Conn. 642, the plaintiff school child slipped and fell due to icy conditions in a main accessway of the school campus. In concluding that the school child fell within the identifiable person-imminent harm exception, the court stated that "[u]nlike the incident in *Evon* v. *Andrews*, supra, 211 Conn. 501, this accident could not have occurred at any time in the future; rather, the danger was limited to the duration of the temporary icy condition in this particularly 'treacherous' area of the campus. Further, the potential for harm from a fall on ice was significant and foreseeable." *Burns* v. *Board of Education*, supra, 228 Conn. 650.

Our Supreme Court once again construed the imminent harm exception to governmental immunity in *Purzycki* v. *Fairfield*, 244 Conn. 101, 708 A.2d 937 (1998).

In *Purzycki*, the plaintiffs sought damages for injuries sustained by the plaintiff second grade student when he was running and was tripped by a fellow student in an unsupervised school hallway during a lunch recess period. Id., 103. The hallway was not monitored, but teachers in the classrooms abutting the hallway were instructed to keep their doors open to hear or see any activity in the hallway. Id., 104. The jury returned a verdict in favor of the plaintiffs, stating in an interrogatory that the defendant had subjected the child to imminent harm. The trial court granted the defendant's motion to set aside the verdict on the ground that the plaintiffs failed to prove that the plaintiff child was subject to imminent harm. The Supreme Court concluded that there was sufficient evidence from which the jury reasonably could have found that the imminent harm exception applied. The court found that the facts of that case were more analogous to those of *Burns* rather than *Evon*. The court stated: "In *Burns*, it was critical to our conclusion that governmental immunity was not a defense that 'the danger was limited to the duration of the temporary . . . condition . . . [and that] the potential for harm . . . was significant and foreseeable.' *Burns* v. *Board of Education*, supra, 228 Conn. 650. Similarly, the present case involves a limited time period and limited geographical area, namely, the one-half hour interval when second grade students were dismissed from the lunchroom to traverse an unsupervised hallway on their way to recess. Also, it involves a temporary condition, in that the principal testified that every other aspect of the lunch period involved supervision. Finally, the risk of harm was significant and foreseeable, as shown by the principal's testimony 'that if elementary schoolchildren are not supervised, they tend to run and engage in horseplay that often results in injuries.' " *Purzycki* v. *Fairfield*, supra, 110.

Finally, in *Bonamico* v. *Middletown*, 47 Conn. App. 758, 706 A.2d 1386 (1998), the minor plaintiff was in

school when she was injured by a bean pellet that was thrown at her by a student while she was walking down a school corridor. Id., 759. This court originally held that the complaint failed to allege sufficient facts to bring the case within the identifiable person-imminent harm exception to governmental immunity because the plaintiff could have been injured at any time in the future or not at all. Id., 762. The Supreme Court remanded the case to this court for reconsideration in light of *Purzycki* v. *Fairfield,* supra, 244 Conn. 191. *Bonamico* v. *Middletown,* 244 Conn. 923, 714 A.2d 8 (1998). On remand, this court vacated its previous decision, reasoning that *Purzycki* controlled and required a result contrary to that previously reached. *Bonamico* v. *Middletown,* 49 Conn. App. 605, 606, 713 A.2d 1291 (1998).

The trial court in the present case found that the facts of this case are distinguishable from *Purzycki* because the plaintiff did not present any evidence to show that she was subject to danger that was limited in duration or that the potential for harm was significant or foreseeable. Accordingly, the court found that the present case was more analogous to *Evon* v. *Andrews,* supra, 211 Conn. 501, because the injury could have occurred at any time or not at all. In light of the precedent cited previously, we conclude that Colon was subject to danger that was limited in duration and that the potential for harm was significant and foreseeable. Colon was a student required by statute to be in school. It is alleged that Pollack opened a door in a negligent manner causing Colon, a student, to be injured. The danger presented was limited in duration, as it could happen only when students are in the hallway in a dangerous spot. Moreover, the potential for injury from being hit by an opening door is significant. Accordingly, we conclude that governmental immunity does not

apply to the present case because the identifiable person-imminent harm exception is applicable.[4]

The judgment is reversed and the case is remanded for further proceedings on counts one and four on the plaintiffs' complaint.

In this opinion the other judges concurred.

---

[4] As an alternate ground for affirming the trial court's judgment, the defendant argues that, as a matter of law, the plaintiffs cannot recover on count one because the only cause of action they pleaded against the defendant was common-law vicarious liability. The defendant maintains that the plaintiffs cannot recover under this theory because the teacher has not been named as a defendant and because the plaintiffs have not alleged a violation of a statute that abrogates governmental immunity.

The plaintiffs brought this action against the defendant under a theory of vicarious liability, more specifically, the doctrine of respondeat superior. See *Daoust* v. *McWilliams*, 49 Conn. App. 715, 730, 716 A.2d 922 (1998). When vicarious liability is alleged, the injured plaintiff may look for reparation from either the agent or the principal. *Alvarez* v. *New Haven Register, Inc.*, 249 Conn. 709, 720, 735 A.2d 306 (1999). Accordingly, the plaintiffs may be able to recover under a theory of vicarious liability.

The defendant also argues that the plaintiffs cannot recover because, according to *Williams* v. *New Haven*, 243 Conn. 763, 707 A.2d 1251 (1998), governmental immunity is a complete defense to a common-law tort claim, and the plaintiffs did not rely on any statute that limits or abrogates that immunity. The Supreme Court in *Williams* noted that "throughout the entire course of this litigation, including the allegations of the complaint, the trial and this appeal, the plaintiffs have relied solely on their claim of common-law negligence on the part of the defendant." Id., 766. In this case, unlike in *Williams*, the plaintiffs raised General Statutes § 52-557n, which sets forth general principles of municipal liability and immunity, in opposing the defendant's motion for summary judgment. While the defendant is correct in pointing out that the plaintiffs did not cite § 52-557n in their complaint or amend their complaint to include such statute, the plaintiffs' failure to do so does not necessarily preclude recovery. Although Practice Book § 10-3 (a) provides that when any claim in a complaint is grounded on a statute, the statute shall be specifically identified by its number, this rule has been construed as directory rather than mandatory. *Criscuolo* v. *Mauro Motors, Inc.*, 58 Conn. App. 537, 545, 754 A.2d 810 (2000). As long as the defendant is sufficiently apprised of the nature of the action; *Goodrich* v. *Diodato*, 48 Conn. App. 436, 443, 710 A.2d 818 (1998); the failure to comply with the directive of Practice Book § 10-3 (a) will not bar recovery. See *Criscuolo* v. *Mauro Motors, Inc.*, supra, 546–47.