[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION: RE: SUMMARY JUDGMENT #111
On October 16, 2000, the plaintiff, Beal Bank, F.S.B., filed a complaint against the defendants, Kirk Brown and Ronald Brown, seeking to foreclose a mortgage on the real estate property known as 193 West Rocks Road in Norwalk owned by the defendants (property).[1] The complaint alleges the following facts. On May 10, 1988, the defendants signed a promissory note in the amount of $251,250 payable with interest to the order of Comfed Mortgage Co., Inc. (Comfed). On the same date, the defendants mortgaged the property to Comfed as security for the note, and the mortgage was duly recorded. In the course of assignment, the plaintiff became the owner of the note and mortgage by an assignment dated June 12, 2000, and duly recorded the mortgage in the Norwalk land records on June 21, 2000. The defendants defaulted on the mortgage payment due on December 1, 1996, and every month thereafter, and the plaintiff has elected to accelerate the payment of the balance in the amount of $224,787.58.
On November 24, 2000, the defendants filed an answer and special defense. The answer admits the original loan and the defendants' ownership of the mortgaged property, but denied the plaintiff's ownership of the note and mortgage, the unpaid balance and the default. The special defense claims that the plaintiff has failed to comply with paragraph nineteen of the mortgage deed that requires that proper notice be given of acceleration and opportunity to cure the default.[2]
On January 11, 2001, the plaintiff filed the present motion for summary judgment as to the defendants' liability on the ground that there is no genuine issue of material fact as to the liability and that the plaintiff is entitled to judgment as a matter of law.
"[Summary judgment] shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine CT Page 6865 issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 17-49; Miller v. UnitedTechnologies Corp., 233 Conn. 732, 744-45, 660 A.2d 810 (1995). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . ." (Internal quotation marks omitted.) Hertz Corp. v. Federal Ins. Co.,245 Conn. 374, 381, 713 A.2d 820 (1998).
In order to make out a prima facie case in a foreclosure action, the plaintiff must "prove by a preponderance of the evidence that it [is] the owner of the note and mortgage and that [the defendant has] defaulted on the note." Webster Bank v. Flanagan, 51 Conn. App. 733, 750-51,725 A.2d 975 (1999). The plaintiff has submitted an affidavit of Janet Burke, a title searcher, averring that the Norwalk land records show that the plaintiff owns the note and mortgage by assignment. (Exhibit A to the plaintiff's motion.) The plaintiff has also submitted an affidavit of Dennis Kieft, vice president of First Nationwide Mortgage Corp., servicer for the plaintiff, averring that the plaintiff owns the note and mortgage and that the defendants have defaulted on their mortgage payment due on December 1, 1996, and every month thereafter. (Exhibit B to the plaintiff's motion.) The evidence submitted by the plaintiff is sufficient to show ownership and default.
The defendants, by contrast, have submitted no affidavit to counter the plaintiff's proof of ownership and default. "Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such issue. It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertion of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." (Internal quotation marks omitted.) Maffucci v. Royal Part Ltd. Partnership, 243 Conn. 552,554-55, 707 A.2d 15 (1998). "The existence of the genuine issue of material fact must be demonstrated by counteraffidavits and concrete evidence." (Internal quotation marks omitted.) Pion v. Southern NewEngland Telephone Co., 44 Conn. App. 657, 663, 691 A.2d 1107 (1997). When a moving party moves for summary judgment "and there [are] no contradictory affidavits, the court properly [decides] the motion by looking only to the sufficiency of the [movant's] affidavits and other proof." Heyman Associates No. 1 v. Ins. Co. of Pennsylvania, 231 Conn. 756,795, 653 A.2d 122 (1995). Because the plaintiff's evidence sufficiently shows ownership and default, uncontroverted by the defendants with counterevidence, the plaintiff has established a prima facie case in this CT Page 6866 foreclosure action. Id.; Webster Bank v. Flanagan, supra,51 Conn. App. 750-51.
Where the plaintiff has made out a prima facie case, the court must only determine whether the special defense asserted by the defendants is legally sufficient before granting summary judgment. Lasalle NationalBank v. Shook, Superior Court, judicial district of New London at New London, Docket No. 549266 (July 13, 2000, Martin, J.); Mechanics SavingsBank v. Walker, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 500701 (March 13, 1995, Corradino, J.) (14 Conn.L.Rptr. 129). The special defense asserted by the defendants to the plaintiff's prima facie case alleges that the plaintiff has failed to satisfy a condition precedent to its right to accelerate and foreclose, as provided in paragraph nineteen of the mortgage deed. Specifically, the defendants assert that the plaintiff gave them improper notice regarding their opportunity to cure their default because the notice of default, dated March 22, 2000, misleadingly contained two dates for them to cure the default.[3] The defendants quote the following two sentences from the plaintiff's notice of default as evidence of improper notice: "We must receive payment . . . in the amount of $122,366.37, plus $19,254.18 in outstanding bankruptcy/foreclosure fees on or before April 21, 2000. If payment is received prior to March 31, 2000, we will accept $119,488.10 plus $19,254.18 in outstanding bankruptcy/foreclosure fees which does not include the next payment/late charge." (Exhibit C to the plaintiff's motion; defendants' memorandum of law, pp. 2-3.) The defendants argue that the provision of the two dates to cure the default confused them and added more pressure on them. Specifically, they argue that the first date of March 31, 2000, violated paragraph nineteen of the mortgage deed, which provided that the lender must give the borrower at least thirty days from the date of notice, which was March 22, to cure the default. They argue further that the confusion rendered the notice defective and, therefore, the plaintiff failed to satisfy a condition precedent to its right to accelerate and foreclose.
Because the defendants have relied solely on the provision of the two dates in the written notice of default as evidence of improper acceleration and have not pointed to any patent or latent ambiguity in the language of the notice,[4] the construction of the notice is a question of law for the court. See Gordon v. Bridgeport HousingAuthority, 208 Conn. 161, 179, 544 A.2d 1185 (1988); Way v. Way,60 Conn. App. 188, 195, ___ A.2d ___ (2000). The plaintiff's notice is unambiguous in setting out the date of April 21, 2000, as the deadline by which the defendants must have cured their default to avoid acceleration. The defendants concede that this date by itself would comply with the provisions of the mortgage deed, but contend that the provision of March 31 as an alternative date to cure the default rendered CT Page 6867 the notice confusing and improper. This argument is without merit because the defendant need not cure the default by the earlier date to avoid acceleration. The notice was unambiguous as to the deadline to cure the default because there was only one deadline. The provision of an earlier date was beneficial to the defendants because they had another, non-mandatory opportunity to cure the default with a lesser payment by that date. It gave the defendants more right, not less because the notice complied with the provisions of the mortgage deed in allowing the defendants thirty days to cure their default. The defendants' special defense fails as a matter of law.
Where there is no special defense to the plaintiff's prima facie case, there is no genuine issue of material fact as to the defendants' liability and the plaintiff is therefore, entitled to judgment as a matter of law. The plaintiff's motion for summary judgment is hereby granted.
Hickey, J.