[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#105)
In November of 1999 both the plaintiff and the defendant, John Donarum, were teachers in the Hamden school system assigned to Hamden High School. The plaintiff alleges in this action that around that time Donarum circulated a defamatory, derogatory, and humiliating letter concerning her.
The plaintiff further alleges that notwithstanding the above, Donarum was installed as a teacher during the 2000-2001 school year in the same building as the plaintiff, specifically Hamden High School, thereby causing her emotional distress.
In the fourth count of her complaint the plaintiff alleges a cause of action against the Hamden Board of Education for negligent infliction of emotional distress. In the fifth count of the complaint the plaintiff alleges a cause of action against the Town of Hamden for negligent infliction of emotional distress.
The Board of Education (hereinafter the Board) and the Town of Hamden (hereinafter the Town) have moved to strike the fourth and fifth counts of the complaint directed against them and cite a number of grounds for such motion.
In considering a motion to strike, the court must examine the complaint construed most favorably to the plaintiff and determine whether it states a legally sufficient cause of action. Dodd v. Middlesex Mutual AssuranceCo., 242 Conn. 375, 378 (1997). A motion to strike admits all facts well pleaded. Parsons v. United Technologies Corp., 243 Conn. 66, 68 (1997).
A motion to strike does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. Mingachos v. CBS, Inc.,196 Conn. 91, 108 (1985). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems, Inc. v. BOC Group, Inc.,224 Conn. 210, 215 (1992).
The first ground of the defendants' motion to strike applies to both the Board and to the Town. Relying on language in the case of Parsons v.CT Page 12388United Technologies, Inc., supra at p. 88, the defendants argue that a claim for negligent infliction of emotional distress by an employee against an employer in the context of the employment relationship can only be based upon "unreasonable conduct in the termination process." Since the plaintiff has not been terminated, the defendants claim that she has no cause of action.
The court disagrees with the defendants' interpretation of the language in Parsons. In this court's view, the court in Parsons held that a cause of action for the negligent infliction of emotional distress cannot be predicated upon a termination alone but rather on unreasonable conduct in the termination process. This court does not believe that Parsons stands for the proposition that there must be a termination before a claim for negligent infliction of emotional distress can be made by an employee against an employer.
This interpretation of Parsons is supported by the Appellate Court case of Appleton v. Board of Education, 53 Conn. App. 252 (1999) which deals with a claim of intentional infliction of emotional distress. In holding that termination is not required to support a claim of intentional infliction of emotional distress by an employee against an employer the Court stated at p. 264: "Contrary to the defendants' contention, Morris
and Parsons simply state that, in emotional distress claims arising from a termination, the plaintiff must allege some conduct other than the termination itself to support the claim."
As to the Town of Hamden that defendant raises two additional grounds for its motion to strike. First the Town claims that the plaintiff's claims against it are barred by the doctrine of municipal immunity. The plaintiff does not quarrel with the Town's claim that the alleged conduct, i.e. the placement of Donarum in Hamden High School as a teacher for the year 2000-2001, is the exercise of a governmental function involving the exercise of discretion. However, the plaintiff relies upon the exception to the rule of municipal immunity that exists when the conduct in question would subject an identifiable person to imminent harm. See Burns v. Board of Education, 228 Conn. 649 (1994). The identifiable person/imminent harm exception has not been eliminated by the codification of the law of municipal immunity in Conn. Gen. Stat § 52-557m. Colon v. New Haven, 60 Conn. App. 179 (2000).
The Town argues that the identifiable person/imminent harm exception simply does not apply to the factual allegations of the complaint in this case. However, it is the opinion the court that whether, under the circumstances of the case, the alleged conduct, if proven, would subject the plaintiff to a risk of imminent harm, i.e., emotional distress, is a question of fact and therefore not resolvable on a motion to strike. CT Page 12389
The Town also claims that it has no duty to the plaintiff, the breach of which would support a claim for the negligent infliction of emotional distress. "The existence of a duty of care, an essential element of negligence, is a matter of law for the court to decide." Burns v. Boardof Education, supra at p. 646. "A duty to use care may arise from a contract, from a statute, or from circumstances under which a reasonable person, knowing what he knew or should have known, would anticipate that harm of the general nature of that suffered was likely to result from his act or failure to act." Coburn v. Lenox Homes, Inc., 186 Conn. 370, 375
(1982).
Connecticut Statutes put the responsibility for providing a public education to the citizens of the State on the local or regional board of education including the hiring and dismissal of teachers. Conn. Gen. Stat. § 10-220. The plaintiff has pointed out no statutory provision that would give rise to a duty on the part of the Town, as opposed to the Board to exercise due care in the hiring, dismissal or placement of teachers. In fact, the plaintiff has not cited any authority from which the court could find that the Town had the right or the authority to refuse to install the defendant, Donarum, in the same building as the plaintiff.
While the fifth count of the complaint alleges that the Town has the authority and obligation to supervise and control placement of Hamden's teachers, that allegation is a legal conclusion which is not admitted by a motion to strike.
Since the Town has no duty to the plaintiff insofar as the employment or placement of teachers is concerned, her claim against the Town must fail.
The Board also claims the protection of the doctrine of sovereign immunity. Unless the state consents to be sued, it enjoys sovereign immunity. Lacasse v. Burns, 214 Conn. 464, 468 (1990). "The protection afforded by this doctrine has been extended to agents of the state acting in its behalf." Cahill v. Board of Education, 187 Conn. 94, 101 (1982). A local board of education acts as an agency of the state when fulfilling the statutory duty imposed upon it to furnish a public education.Cheshire v. McKenney, 182 Conn. 253, 258 (1980).
"In determining whether a local school board is afforded the protection consistent with the doctrine of sovereign immunity, the courts look to whether the suit would operate to control or interfere with the activity of the state. . . ." R. A. Civitello Co. v. New Haven, 6 Conn. App. 212,218 (1986). CT Page 12390
The allegations of the complaint are to the effect that the conduct complained of pertains to the installation of the defendant teacher, Donarum, in Hamden High School. The hiring, supervision and assignment of teachers within a school system would appear to be part of the Board's statutory mandate to provide a public education. These are among the activities with which the court should not interfere.
It is the court's opinion that the plaintiff's claims against the Board are subject to the doctrine of sovereign immunity. While the plaintiff asserts in her memorandum of law that she is relying on the identifiable person/imminent danger exception as to the Board as well as the Town, there appears to be no authority that such exception applies to sovereign immunity as opposed to municipal immunity.
For the above reasons, the motion to strike is granted.
Bruce W. Thompson Judge of the Superior Court