[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On May 11, 2001, the plaintiff, Jane Doe, by and through her mother, Martiza
Acevedo, filed a two-count substitute complaint against the defendant, the New Haven Board of Education. The plaintiff proceeds in this suit under a pseudonym because of her age and the nature of the allegations.
The substitute complaint alleges that on April 15, 1998, Jane Doe, who was then a twelve year old student at the Betsy Ross School, went to her CT Page 13401 school home room to retrieve her lunch money. When she arrived at her home room, three male students locked her in the room. None of the students, including Doe, had passes to be present in the school halls or home room. One of the boys told Doe that she would have to kiss him before he would permit her to leave the room, and as Doe attempted to leave, another boy struck an intimate portion of her body. The third boy grabbed Doe's breasts, looked down her shirt, and grabbed her legs in an attempt to pry them apart. Doe fought her way out of the room, and in the process, she head-butted the third boy. When the school officials learned of this incident, they summoned the three boys' parents to the school. Employees of the defendant permitted one boy's mother to interrogate Doe without her mother's consent.
The complaint further alleges that the defendant had a duty to provide a safe environment and that the defendant breached that duty in four ways: (1) by failing to provide an adequate number of hall monitors; (2) having an inadequate means of assuring that students were present in their assigned locations; (3) inadequately supervising students with disciplinary problems, and (4) failing to secure vacant rooms.
Count one of the substituted complaint alleges negligent supervision and count two alleges negligent infliction of emotional distress. In support of both counts, the complaint alleges that the defendant's duty was established pursuant to General Statutes § 52-557n.
On May 23, 2001, the New Haven Board of Education filed a motion to strike the plaintiff's substitute complaint, accompanied by a supporting memorandum of law. To date the plaintiff has not filed a memorandum of law in opposition to the defendant's motion to strike.[1]
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any [complaint] . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). In ruling on a motion to strike, the trial court is to "determine whether the [pleading party has] stated a legally sufficient cause of action." (Internal quotation marks omitted.) Dodd v.Middlesex Mutual Assurance Co., 242 Conn. 375, 378, 698 A.2d 859 (1997). The court must "construe the complaint in the manner most favorable to sustaining its legal sufficiency." Lombard v. Edward J. Peters, Jr.P.C., 252 Conn. 623, 626, 749 A.2d 630 (2000). "Any adverse party who objects to this motion, shall, at least five days before the date the motion is to be considered on the short calendar, file and serve in accordance with §§ 10-12 through 10-17 a memorandum of law." Practice Book § 10-42. CT Page 13402
The defendant moves to strike count one of the plaintiff's complaint claiming that the duty to supervise, if one exists, is discretionary and is subject to governmental immunity. The defendant moves to strike count two for failure to sufficiently plead a cause of action for negligent infliction of emotional distress.
In support of the motion, the defendant argues that count one should be stricken because the city of New Haven is immune from liability for acts performed in the scope of its official duties. Specifically, the defendant maintains that if a duty to supervise exists, it is a discretionary duty and governmental immunity prohibits liability.
The defendant argues that the city's immunity from liability for performing discretionary acts is subject to three exceptions and that those exceptions are inapplicable here. The defendant asserts that only one exception is relevant here and that exception applies when it is apparent to a public officer that his/her failure to act would be likely to subject an identifiable person to imminent harm. The defendant asserts that the complaint fails to allege that Doe was an identifiable person subject to imminent harm, and even if the court finds that the complaint contains such allegations, the allegations amount to a legal conclusion unsupported by facts. In addition, the defendant argues that count one should be stricken because General Statute § 52-557n (b)(c) provides that a municipality is not liable for damage to a person caused by the act or omission of someone other than an employee, officer or agent of the political subdivision.
As to count two, the defendant claims that plaintiff failed to plead negligent infliction of emotional distress. The defendant asserts that the plaintiff failed to allege that it knew or should have known that its actions created an unreasonable risk of causing emotional distress that might result in illness or bodily harm.
 A. Governmental Immunity
"Connecticut municipalities enjoy governmental immunity in certain circumstances from liability for their tortious acts."[2] Ryszkiewiczv. New Britain, 193 Conn. 589, 593, 479 A.2d 793 (1984). "Governmental immunity, however, is not a blanket protection for all official acts. For example, [a] municipality is immune from liability for the performance of governmental acts as distinguished from ministerial acts. . . ." (Internal quotation marks omitted.) Heigl v. Board of Education of NewCanaan, 218 Conn. 1, 4-5, 587 A.2d 423 (1991).
"Governmental acts are performed wholly for the direct benefit of the public and are supervisory or discretionary in nature. . . . On the other CT Page 13403 hand, ministerial acts are performed in a prescribed manner without the exercise of judgment or discretion as to the propriety of the action." (Internal quotation marks omitted.) Id., 5.
"Connecticut case law has never recognized, a specific duty to supervise students." (Internal quotation marks omitted.) Purzycki v.Fairfield 244 Conn. 101, 114, 708 A.2d 937 (1998). "Even if such duty exists, actions pursuant to such a duty are discretionary if they are performed wholly for the direct benefit of the public. . . ." (Internal quotation marks omitted.) Heigl v. Board of Education of New Canaan, supra, 218 Conn. 8.
Governmental immunity for the discretionary acts of municipal employees, nonetheless, is not absolute. Purzycki v. Fairfield, supra,244 Conn. 108. There are three exceptions to such immunity: "first, where circumstances make it apparent to the public officer that his or her failure to act would be likely to subject an identifiable person to imminent harm . . . second, where a statute specifically provides for a cause of action against a municipality or municipal official for failure to enforce certain laws . . . and third, where the alleged facts involve malice, wantonness, or intent to injure, rather than negligence." (Internal quotation marks omitted.) Id.
The only exception to governmental immunity that is applicable in the present case is the exception involving imminent harm to an identifiable person. The exception applies "not only to identifiable individuals but also to narrowly defined classes of foreseeable victims." (Internal quotation marks omitted.) Colon v. City of New Haven 60 Conn. App. 178,184, ___ A.2d ___, cert. denied, 255 Conn. 089, 763 A.2d 1034 (2000).
"Schoolchildren who are statutorily compelled to attend school, during school hours on school days, can be an identifiable class of victims."Purzycki v. Fairfield, supra, 244 Conn. 109. In Purzycki, a schoolchild, who was tripped by another student in an unsupervised hallway, was considered to be an identifiable victim when the danger was limited to a specific time period and geographical area. Id., 109-10. Specifically, the danger was present for a one-half hour period each day when second grade students traveled an unsupervised hallway. Id., 110. A critical determination in deciding whether the imminent harm to an identifiable person exception abrogates governmental immunity is whether the harm was limited to the duration of a temporary condition and whether the potential for harm was significant and foreseeable. Id., 110.
Here, the defendant argues that Doe was not an identifiable person because her complaint does not allege that the harm occurred within a limited time period and geographical zone. The defendant further argues CT Page 13404 that the assault on Doe could have occurred at any time during the day.
The plaintiff's complaint alleges that the defendant failed to provide an adequate number of hall monitors, failed to establish an adequate means of assuring that students were present at their assigned location, failed to secure vacant rooms, and failed to properly supervise students with disciplinary problems. The complaint, however, does not indicate exactly when, where, and for what period of time the plaintiff was subject to a risk of harm, nor does it allege that the assault occurred during school hours. Hence, the allegations give rise to a number of possible times and scenarios in which any student could be subject to harm. Implicit in the first allegation, that the defendant did riot provide enough hall monitors, is the notion that students were at risk whenever they traveled any school hallway. This alleged lack of supervision is not limited to a specific duration of time. The second allegation, that the defendant failed to assure that students got to their assigned locations, implies that a lack of supervision permitted students to venture to unauthorized parts of the school at various times, possibly subjecting themselves or others to harm. Again, this alleged lack of supervision is not limited to a temporary or specific duration of time. The allegation that the defendant failed to secure vacant rooms implies that students are at risk of harm when in vacant rooms, and based on the previous allegations, students could have possibly escaped to vacant classrooms at various times. Finally, the complaint alleges that students with disciplinary problems, who have assaulted in the past, were not adequately supervised. This allegation suggests that students with disciplinary problems could possibly assault others at any time during the school day or at after school activities because at no time were they adequately supervised.
If in construing the complaint in the manner most favorable to sustaining its legal sufficiency, it is assumed that the alleged assault occurred during school hours, the complaint still fails to allege sufficient facts to establish that the plaintiff was an identifiable person subject to imminent harm. Unlike Purzycki, the present case does not involve a specific identifiable period of time that the plaintiff was subjected to an imminent risk of harm.
In Evon v. Andrews, 211 Conn. 501, 559 A.2d 1131 (1989), the plaintiffs alleged negligence on the part of the defendant for its failure to enforce various statutes, regulations and codes concerning the maintenance of rental dwellings. The plaintiffs' sought damages for the wrongful deaths of their decedents, who were killed when their apartment caught fire. The court found that the defendant's duties were discretionary governmental duties and could not form the basis for recovery for individual injury. Id., 504. The court held that "[t]he risk CT Page 13405 of fire implicates a wide range of factors that can occur, if at all, at some unspecified time in the future. The class of possible victims of an unspecified fire that may occur at some unspecified time in the future is by no means a group of `identifiable persons'. . . ." Id., 508. Like the risk of fire, the risk of assault can occur, if at all, at some unspecified time in the future.
In Caruso v. Demartino, Superior Court, judicial district of New Haven at New Haven, Docket No. 371907 (November 2, 1995, Zoarski, J.), the court granted a motion to strike based on the doctrine of governmental immunity where a student was assaulted by another student at an after school basketball game. The court noted that "the risk of an assault implicated a wide range of factors that can occur, if at all, at some unspecified time in the future. . . . The plaintiff's injury could have occurred at any time, since it was not the product of the condition of the . . . [premises] but of . . . the spontaneous conduct of another child." Id. Like the assault in Caruso, the alleged assault on Doe was the result of the spontaneous conduct of three other students.
Consequently, the court finds that the allegations in count one of the plaintiff's complaint do not contain sufficient facts to support a conclusion that the imminent harm to an identifiable person exception to governmental immunity applies.
 B. Negligent Infliction of Emotional Distress
The defendant maintains that count two of the plaintiff's complaint does not contain sufficient facts to plead a cause of action for negligent infliction of emotional distress. In order to state a claim for negligent infliction of emotional distress, "the plaintiff has the burden of pleading that the defendant should have realized that its conduct involved an unreasonable risk of causing emotional distress and that distress, if it were caused, might result in illness or bodily harm.Parsons v. United Technologies Corp., 243 Conn. 66, 88, 700 A.2d 655
(1997).
The complaint alleges that the defendant had a duty to provide a safe and secure environment, and in permitting Doe to be interrogated without the consent of her mother, the defendant breached that duty. The complaint, however, does not allege that the defendant should have anticipated that its conduct involved an unreasonable risk of causing emotional distress that might result in illness or bodily harm.
Accordingly, for the foregoing reasons, the motion to strike counts one and two of the complaint is granted. CT Page 13406
Clarance J. Jones, Judge of the Superior Court