[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
By way of a five count complaint, the plaintiffs have brought suit against the Town of Mansfield, the Board of Education, Principal Mark Winzler, Assistant Principal Charlene Bishko, Superintendent of Schools Bruce Silva, and Chairman of the Board of Education Paul I. Brody. In their complaint, Keith Basque, father and next friend of Ryan Busque, a minor, and Keith Busque, have alleged that Ryan Busque sustained injuries inflicted by a fellow student while waiting for the bus on school grounds. The defendants have moved for summary judgment on the basis of governmental immunity.
A moving party is entitled to summary judgment if the court is satisfied from the pleadings and proffered documentation that there is no genuine issue as to any material fact. Additionally, in assessing a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party. Home Ins. Co v. Aetna Life Casualty Co., 235 Conn. 185 (1995). The party seeking summary judgment has the burden of showing the absence of any genuine issue of material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. Appleton v. Board of Education,254 Conn. 205, 209 (2000). The existence of the genuine issue of material fact is ordinarily demonstrated by counteraffidavits and concrete evidence. Pion v. Southern New England Telephone Co., 44 Conn. App. 657,663 (1997).
The complaint essentially alleges that the defendants failed to adequately supervise the students or.to implement appropriate policies for such supervision. C.G.S. § 52-557n provides, in part: A (2) Except as otherwise provided by law, a political subdivision of the state shall not be liable for damages to person or property caused by. . . (B) negligent acts or omissions which require the exercise of judgment or discretion as an official function of the authority expressly or impliedly granted by law." This section is a codification of the common law rule that municipalities and their employees or agents have immunity from negligence liability for governmental acts involving the exercise of CT Page 14023 judgment or discretion as opposed to those acts which are purely ministerial in nature, i.e. those which are performed in a prescribed manner without the exercise of judgment or discretion. cf. Elliott v.City of Waterbury, 245 Conn. 385 (1998). The supervision of students and the manner in which it is done is a discretionary act requiring the exercise of judgment.
As an exception to the general discretionary-ministerial dichotomy, a municipality may be liable for the negligent performance of a discretionary act when a claimant is a member of an identifiable class made subject to an imminent harm from a foreseeably dangerous condition that is limited in duration and geographical scope. cf. Purzycki v.Fairfield, 244 Conn. 101 (1998). "In delineating the scope of a foreseeable class of victims exception to governmental immunity, our courts have considered numerous criteria, including the imminency of any potential harm, the likelihood that harm will result from a failure to act with reasonable care, and the identifiability of the particular victim."Burns v. Board of Education, 228 Conn. 640, 647 (1994); see also Evon v.Andrews, 211 Conn. 501 (1989). In applying these factors, school children who are statutorily required to attend school are an identifiable class of foreseeable victims. Id. at 648-649.
The next issue for determination is whether the plaintiff, Ryan Busque, was subject to imminent harm. In Burns, the plaintiff student slipped and fell due to icy conditions on school grounds. The Court found that she did fall within the identifiable person-imminent harm exception because the danger was limited to the duration of the temporary icy condition in a highly traveled part of campus and that the potential for harm from a fall on ice was significant and foreseeable. Id. at 650. InPurzycki v. Fairfield, 244 Conn. 101 (1998), the student sought damages for injuries sustained when tripped by another student while running in an unsupervised school hallway during a lunch recess period. Like inBurns, the Court found that because the case involved a limited time period and limited geographical area and a temporary condition in that every other aspect of the lunch period was supervised, the plaintiff was subject to imminent harm. Id. at 110. In Colon v. City of New Haven it was alleged that the student was injured when a teacher opened a door in a negligent manner. The Court held that the danger was limited in duration as it could only have occurred when the students were in a hallway in a dangerous spot. Colon, 60 Conn. App. 178, 187 (2000).
In the present case, Ryan Busque was waiting on school grounds to be picked up by the school bus and be transported home when he was allegedly assaulted by another student. The court cannot say, as a matter of law, that the plaintiff was not subject to imminent harm. That is a question for the trier of fact. CT Page 14024
The defendants also argue that local boards of education are agents of the state when performing educational functions and therefore enjoy sovereign immunity from suit. Connecticut case law dictates that local boards of education are agents of the state for some purposes and agents of the municipality for others. Heigl v. Board of Education, 218 Conn. 1,34, 587 A.2d 423 (1991). To determine whether the doctrine of sovereign immunity applies to a local school board, we look to whether the "action would operate to control or interfere with the activities of the state. ..." Cahill v. Board of Education, 187 Conn. 94, 102, 444 A.2d 907
(1982). The duty to supervise students is performed for the benefit of the municipality. Purzycki v. Fairfield, 244 Conn. 101, 112 (1998); see also Burns v. Board of Education, supra, 228 Conn. 640; Heigl v. Board ofEducation, supra, 7-8. Therefore, sovereign immunity does not apply in the present case.
Accordingly, the motion for summary judgment is denied.
BISHOP, J.