[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO SET ASIDE VERDICT
CT Page 1036
The plaintiff, parent of a student, was present on the premises of West Hills School, a magnet school, pursuant to an invitation extended to parents to assist as "volunteers" in a gym class in which "students were participating in roller skating."
The plaintiff alleges that while participating in said program she was caused to fall by reason of the defective and unreasonably dangerous condition of a pair of roller skates provided for her use by the defendant Michael Bontempo, a physical education teacher employed by the defendant City of New Haven.
The plaintiff alleged that the defendant Michael Bontempo was negligent in failing to properly inspect and maintain the skates (Pg. 3 of Plaintiffs Memorandum in Support of Motion to Set Aside Verdict.)
No allegation of negligence was directed to the defendant municipality but rather its involvement herein existed by virtue of § 52-557n of the General Statutes.
The answer filed by the defendants consisted of a denial they were negligent. By way of Special Defense they alleged they were insulated from liability by reason of the doctrine of Governmental Immunity and that if the plaintiff sustained any injury or damage they were caused by her own negligence.
Court and counsel agreed that Interrogatories were the appropriate vehicle for use by the jury in addressing the various issues involved herein.
The jury found that the skates furnished to the plaintiff were in an unreasonably dangerous and defective condition, that the defendants were negligent, that the negligent acts or omissions on the part of Michael Bontempo were not ministerial in nature and that although the acts or omissions on the part of Mr. Bontempo required the exercise of discretion or judgment the attendant circumstances did not make it apparent to him that his acts or omissions would be likely to subject an identifiable person (plaintiff) to imminent harm.
Thus it is clear the jury concluded that the defendant Michael Bontempo who enjoyed a qualified immunity, was insulated from liability because his acts and omissions required the exercise of discretion or judgment and the attendant circumstances did not trigger the exception to the rule of non-liability. CT Page 1037
The thrust of Plaintiffs Motion is that the acts and omissions on the part of Mr. Bontempo were ministerial as a matter of law.
Normally the determination of whether acts or omissions are ministerial or discretionary is a question of fact for the jury. Colon v. New Haven,60 Conn. App. 178, 181, cert. denied 255 Conn. 908,
There is no single test for determining whether one was engaged in a ministerial or discretionary function. The distinction is one of degree. There are various factors which enter into the assessment of the nature of the acts or omissions in question.
The court's instructions to the jury, to which no exceptions were taken, detailed the concept of governmental immunity including the definition of ministerial and discretionary acts or omissions and identified factors to be considered in determining the nature of the conduct in issue. The plaintiff did not object to the submission of Interrogatory #4 which addressed this issue.
The claim of the plaintiff was cast in negligence which involves the failure to use reasonable care or due care under the attendant circumstances. What constitutes reasonable care in terms of inspection and maintenance involves the exercise of judgment. Evon v. Andrews,211 Conn. 501, 506.
Motion denied.
 ___________________ John C. Flanagan Judge Trial Referee