[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On April 16, 2001, Thomas and Darlene Perry (Perrys), filed a complaint against the Town of Bethlehem (town) and Paul E. Woike, its building official, officially and individually, as a result of alleged damages caused by the defective construction of their home. They claim that the defendants negligently inspected their newly constructed home and thereafter issued a certificate of occupancy therefor. They assert that as a result of the defendants' negligence, they had to expend substantial amounts of money for repairs to correct the defective conditions.
The defendants have moved for summary judgment as to the Perrys' complaint on the ground that the claims are barred by the doctrines of sovereign and governmental immunity. The Perrys have conceded that they cannot prevail against the town on their complaint and have elected to proceed against Woike only.
Summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 17-49. Summary judgment "is appropriate only if a fair and reasonable person could conclude only one way. Miller v. United Technologies Corp., 233 Conn. 732, 751 (1995). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) QSP, Inc. v. Aetna Casualty Surety Co.,256 Conn. 343, 351 (2001). The movant has the burden of demonstrating the absence of any genuine issue of material fact. Miller v. UnitedTechnologies Corp., supra, 751-52. "[T]he party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Internal quotation marks omitted.)Appleton v. Board of Education, 254 Conn. 205, 209 (2000). "A material fact has been defined adequately and simply as a fact which will make a difference in the result of the case." (Internal quotation marks omitted.) Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573, 578
(1990). "`Issue of fact' encompasses not only evidentiary facts in issue but also questions as to how the trier would characterize such evidentiary facts and what inferences and conclusions it would draw from them." United Oil Co. v. Urban Redevelopment Commission, 158 Conn. 364,379 (1969).
The defendants contend that Woike's acts do not fall within one of the three exceptions to the governmental immunity doctrine. Therefore, they argue that Woike should be afforded governmental immunity. In response, the Perrys assert that Woike's acts are ministerial and not discretionary. They further maintain that the determination of whether or CT Page 10203 not an act by a government employee is ministerial or governmental (discretionary) is a question of fact.
"[A] municipal employee . . . has a qualified immunity in the performance of a governmental duty, but he may be liable if he misperforms a ministerial act, as opposed to a discretionary act. . . . The hallmark of a discretionary act is that it requires the exercise of judgment. On the other hand, ministerial acts are performed in a prescribed manner without the exercise of judgment or discretion as to the propriety of the action. . . . Although the determination of whether official acts or omissions are ministerial or discretionary is normally a question of fact for the fact finder . . . there are cases where it is apparent from the complaint." (Citations omitted; internal quotation marks omitted.) Colonv. New Haven, 60 Conn. App. 178, 180-81, cert. denied, 255 Conn. 908
(2000).
Section 52-557n (b)(7) and (8) of the General Statutes provide that the municipal employee acting in the scope of his employment shall not be liable for damages to a person or property resulting from: "(7) the issuance, denial, suspension or revocation of, or failure or refusal to issue, deny, suspend or revoke any permit, license, certificate, approval, order or similar authorization, when such authority is adiscretionary function by law, unless such issuance, denial, suspension or revocation or such failure or refusal constitutes a reckless disregard for health or safety; (8) failure to make an inspection . . . of any property . . . to determine whether the property complies with or violates any law or contains a hazard to health or safety, unless the political subdivision had notice of such a violation of law or such a hazard or unless such failure to inspect or such inadequate or negligent inspection constitutes a reckless disregard for health or safety under all the relevant circumstances. . . ." (Emphasis added.) "[W]hat constitutes a reasonable, proper or adequate inspection involves the exercise of judgment. . . . [A]n inspector's decision as to whether a building falls below a standard and whether remedial orders are therefore required involves the exercise of his or her judgment." Evon v. Andrews,211 Conn. 501, 506 (1989).
The gravamen of the Perrys' complaint is that Woike issued a certificate of occupancy in violation of § 29-265 of the General Statutes.[1] The complaint further alleges that Woike failed to properly inspect and insure that the state building code has been met, that he failed to notice that the newly constructed residence was in multiple violations of the state building code or improperly constructed and that he failed to institute any measures to repair and correct the matters in violation of § 29-265. The alleged acts in counts two and three require the exercise of judgment by a municipal employee. Such acts CT Page 10204 alleged are discretionary not ministerial. See Evon v. Andrews, supra.
Therefore, it is apparent from the complaint that the Perrys have not alleged that Woike was performing a ministerial duty because there are no allegations that Woike was required to perform in a proscribed manner and failed to do so. Additionally, there are no allegations in the complaint seeking damages based upon allegations of reckless disregard for health and safety.
The court is satisfied that Woike's acts were discretionary and, therefore, is entitled to immunity. The defendants' motion for summary judgment as to Woike is, accordingly, granted.
 __________________________ Moraghan, J.T.R.