[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Connecticut Natural Gas Corporation (CNG), brings this action against the defendants, The Metropolitan District Commission (MDC) claiming damages to its gas main in the vicinity of 42 Clermont Street caused by the conduct of the defendant. The complaint is brought in two counts, the first in negligence and the second in breach of a duty to properly support the plaintiff's gas main four feet under the roadway while the defendant was excavating to its sewer main below the plaintiff's gas main, twenty (20) feet under the roadway, or back filling after such excavation. On or about August 1, 2000, a customer reported a pressure problem and upon investigation the plaintiff found that its low pressure main had broken because it had not been properly supported. The plaintiff claims that it has incurred expenses and repairs to said gas main in the amount of $23,592.66.
The defendant admits that it had a sewer main under the road surface at or about 42 Clermont Street, leaves the plaintiff to its proof of damages and denies that the defendant was negligent or in breach of any duty owed to the plaintiff and specially pleads that the plaintiff's claims are barred by the doctrine of sovereign immunity and the lack of notice to the defendant. Plaintiff has filed a response denying the special defenses.
Jean Rivard, employed by the plaintiff as manager of distribution, field services, testified that a customer on Clermont Street, Hartford called on August 1, 2000 as to an outage and he found the gas main in front of 34 Clermont Street was full of water blocking the gas flow. He produced photographs to show the excavation done to uncover the gas main. See Plaintiff's Exhibits 1 through 14. He found that there was a previous patch where the roadway had been torn up and that the back filling of the gas main was not properly shored up and that the cast iron pipe had cracked under its own weight. He testified that only two utilities had reason to excavate in that area, the MDC for its sewer line which was about eighteen (18) feet under the road surface and CNG which had a gas CT Page 4059 main about five (5) feet under the road surface above the sewer line. He pointed out that Plaintiff's Exhibit 5 shows the layering of materials that are used in back filling an excavation. First, the cold bituminous patch which is the top layer in black and the crushed stone which is the black layer under the bituminous material and then the rest of the cavity is filled with bank run gravel which shows red in the photograph. The bank run gravel is a substance that the MDC uses exclusively. CNG uses screened sand of which there was no evidence. He stated that the cavity below the gas main and around the gas main would be evidence that the MDC had caused a cavity to be excavated to its sewer line and then back filled with bank run gravel without adequate support for the plaintiff's gas main.
Despite the defendant's own records, plaintiff's Exhibits 15, 18 and21, showing a water problem at 34 Clermont Street and its vicinity both before and after the written notice of the plaintiff's claim, Plaintiff'sExhibit 20, the defendant denied the plaintiff's claim. Plaintiff'sExhibit 25. The denial of the claim was not as to the amount of the bill submitted on January 12, 2001, Plaintiff's Exhibit 22, but as to the opinion that the defendant was not negligent.
The court denied the defendant's motion for dismissal argued at the conclusion of the plaintiff's direct case in that the plaintiff had submitted a prima facie case. The defendant failing to produce any evidence, the court must consider the two special defenses proffered by the defendant.
As to the first special defense, the parties agree that the MDC is a municipal corporation. Rocky Hill Convalescent Hospital, Inc. v.Metropolitan District, 160 Conn. 446, 450. As such it is immune from liability from negligence unless the legislature has enacted a statute abrogating that immunity. Williams v. New Haven, 243 Conn. 763, 767. The MDC is a public utility as defined in Conn.Gen. Stat. § 16-345 (c),Metropolitan District v. Housing Authority, 12 Conn. App. 499, 505, and therefore governed by the provisions of Title 16 of the Connecticut General Statutes as well as the related Administrative Regulations. Subsection (a)(5) of #16-345-4 of the Regulations requires that "Any excavator responsible for excavating . . . Exercise reasonable care . . . the use of construction methods appropriate to ensure the integrity of existing utility facilities . . . including adequate and proper shoring and proper backfill methods and techniques . . ." The defendant in this case has not performed such duty and has been negligent in the performance of this ministerial act making it liable for damages. Wrightv. Brown, 167 Conn. 464, 471. CT Page 4060
Although the plaintiff did not identify the statute abrogating immunity, Conn.Gen. Stat. § 52-557n, in its pleadings, it has sufficiently apprised the defendant of it during the proceedings. Colonv. Board of Education, 60 Conn. App. 178, 188 n. 4, cert. denied,255 Conn. 908.
The second special defense has not been argued and the court regards it as abandoned.
The court as stated above finds the issues for the plaintiff on both counts and grants judgment in its favor on both counts in the sum of $23,592.66 for a total of $23,592.66.
 BY THE COURT Thomas H. Corrigan Judge Trial Referee
CT Page 4061