[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Joyce Carol Lyman, is the executrix of the estate of her deceased husband, Gregory K. Lyman. The defendants are the town of Fairfield and four employees of the town's recreation department; director, Gerald Lombardo; assistant director, Sue Kiraly; program CT Page 938 director, David Tavolacci; and program coordinator, Ginna Paules. The plaintiff brings suit for wrongful death under General Statutes §52-555[1] and for loss of consortium due to the death of the plaintiff's decedent.
The plaintiff makes the same allegations of negligence against all the defendants. Specifically, she alleges that on February 5, 1997, the plaintiff's decedent was using a treadmill at the Fairfield recreation department's fitness center. The plaintiff's decedent fell off of the back of the treadmill and struck his head on a concrete block and/or an electrical conduit located directly behind the treadmill. As a result of the above impact, the plaintiff's decedent died on February 8, 1997. The plaintiff alleges that the defendants were negligent in their: improper placement of the treadmills; failure to take certain safety precautions concerning the placement of the treadmills and not padding the wall; failure to warn fitness center members of the danger involved; and contributing to a dangerous situation by providing materials for patrons to read while using the equipment.
The plaintiff filed a revised twelve count complaint on May 12, 1999. The plaintiff later withdrew two counts.[2] The remaining counts in the revised complaint are as follows: Count one is against the town and is a claim for negligence and recklessness pursuant to General Statutes §7-101a[3] and § 7-465[4]. Count two is against the town for loss of consortium supported by count one. In counts five, seven, nine and eleven the plaintiff asserts claims on behalf of the plaintiff's decedent against Lombardo, Kiraly, Tavolacci, and Paules, respectively for negligence and violations of General Statutes § 7-101a and § 7-465. In counts six, eight, ten and twelve the plaintiff asserts claims against Lombardo, Kiraly, Tavolacci, and Paules for loss of consortium.
The defendants move for summary judgment as to counts five through twelve on the ground that the acts or omissions of the town's employees concerning the placement of the treadmills were discretionary, and that governmental immunity applies. The defendants further assert that the only exception to governmental immunity available to the plaintiff, the identifiable person/imminent harm exception, is inapplicable.
In opposition, the plaintiff argues that the defendants have not met their burden of showing the absence of a genuine issue of material fact. The plaintiff specifically contends that whether the actions of the town's employees were governmental or ministerial is a question of fact. In addition, the plaintiff argues that there are substantial unresolved issues of material fact concerning the following: whether the operation of the fitness center provided a corporate benefit to the town's citizens; whether the fees charged indicate that the fitness center CT Page 939 served a proprietary function; whether the placement of the treadmill is a ministerial act; and whether the plaintiff's decedent was an identifiable person subject to imminent harm.
 DISCUSSION
"[Summary] judgment . . . shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Community Action for Greater Middlesex County, Inc. v. AmericanAlliance Ins. Co., 254 Conn. 387, 397, 757 A.2d 1074 (2000). "A genuine issue has been variously described as a triable, substantial or real issue of fact . . . and has been defined as one which can be maintained by substantial evidence." (Citation omitted; internal quotation marks omitted.) United Oil Co. v. Urban Development Commission, 158 Conn. 364,378, 260 A.2d 596 (1969). "[T]he genuine issue aspect of summary judgment procedure requires the parties to bring forward before trial evidentiary facts, or substantial evidence outside the pleadings, from which the material facts alleged in the pleadings can warrantably be inferred. . . . A material fact has been defined adequately and simply as a fact which will make a difference in the result of the case. . . . Issue of fact encompasses not only evidentiary facts in issue but also questions as to how the trier would characterize such evidentiary facts and what inferences and conclusions it would draw from them." (Citations omitted; internal quotation marks omitted.) Id., 378-79.
"In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. (Internal quotation marks omitted.) Community Action forGreater Middlesex County, Inc. v. American Alliance Ins. Co., supra,254 Conn. 397-98. "It is not enough . . . for the opposing party merely to assert the existence of such a dispute of issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]. . . ." (Citations omitted; internal quotation marks omitted.) Maffucci v. Royal Park Ltd.Partnership, 243 Conn. 552, 554-55, 707 A.2d 15 (1998).
"Issues of negligence are ordinarily not susceptible of summary adjudication but should be resolved by trial in the ordinary manner." CT Page 940 (Internal quotation marks omitted.) Fogarty v. Rashaw, 193 Conn. 442,446, 476 A.2d 582 (1984). However, "[t]he issue of whether a defendant owes a duty of care is an appropriate matter for summary judgment because the question is one of law." Pion v. Southern New England Telephone Co.,44 Conn. App. 657, 660, 691 A.2d 1107 (1997).
The plaintiff alleges, in counts five through twelve, that the defendants were negligent in the following ways:
1) by placing the treadmills too close to the concrete wall.
2) by not padding the concrete wall.
3) by not properly laying out the fitness equipment.
 4) by allowing metal conduit and electrical outlet boxes to be placed on the surface of the concrete wall, protruding behind the treadmills.
 5) by allowing treadmills to remain too close to the concrete wall after the dangerousness of the location was known.
 6) by not moving the treadmills after another person had fallen off the treadmills one week prior to the incident.
7) by failing to warn members that the treadmills were too close to the wall.
 8) by providing reading materials and platforms for use on the treadmills which diverted the attention of the user.
9) by failing to exercise reasonable care.
The defendants contend that the doctrine of governmental immunity shields them from liability to the plaintiff for three reasons: the operation of the fitness center involved a governmental and not a pecuniary function, the acts and omissions of the defendants that form the basis of the plaintiff's complaint were discretionary and the plaintiff cannot establish that any of the exceptions to the protection of governmental immunity are applicable. The plaintiff counters that material issues of fact exist as to each of the defendants' contentions.
"[T]he ultimate determination of whether qualified immunity applies is ordinarily a question of law for the court . . . [unless] there are unresolved factual issues material to the applicability of the defense . . . [where] resolution of those factual issues is properly left to the CT Page 941 jury." (Internal quotation marks omitted.) Purzycki v. Fairfied,244 Conn. 101, 107-08, 708 A.2d 937 (1998). "[General Statutes] §52-557n[5] abrogates the common-law rule of governmental immunity and sets forth the circumstances in which a municipality is liable for damages to person and property. These circumstances include the negligent acts or omissions of the political subdivision or its employees or agents, negligence in the performance of functions from which the political subdivision derives a special corporate profit or pecuniary benefit and acts which constitute the creation or participation in the creation of a nuisance. General Statutes § 52-557n (a). The section goes on to exclude liability for acts or omissions of any employee or agent which constitute . . . negligent acts that involve the exercise of judgment or discretion." Tryon v. North Branford, 58 Conn. App. 702,721, 755 A.2d 317 (2000).
Governmental or Pecuniary Function
General Statutes § 52-557n (a)(1)(b) provides that, [e]xcept as otherwise provided by law, a political subdivision of that state shall be liable for damages to person or property caused by: . . . negligence in the performance of functions from which the political subdivision derives a special corporate profit or pecuniary benefit." "The functions of a municipal corporation fall into two classes, those of a governmental nature, where it acts merely as the agent or representative of the state in carrying out its public purposes, and those of a proprietary nature, where it carries on activities for the particular benefit for its inhabitants." Couture v. Board of Education, 6 Conn. App. 309, 312,505 A.2d 432 (1986). "`A proprietary function is an act done in the management of [a city's] property or rights for its own corporate benefit or profit and that of its inhabitants.' Richmond v. Norwich,
[96 Conn. 582, 588, 115 A. 11 (1921).]" Accashian v. City of Danbury,
Superior Court, judicial district of Waterbury at Waterbury, Docket No. 147228 (January 6, 1999 Hodgson, J.) (23 Conn.L.Rptr. 656). "When municipalities are engaged in propriety . . . activities, their actions are not considered governmental and, accordingly, they do not enjoy immunity from negligence resulting from such activities." Couture v.Board of Education, supra, 6 Conn. App. 312. "[I]n order to deprive a municipal corporation of the benefit of governmental immunity, the act or function must involve special corporate benefit or pecuniary profit inuring to the municipality. [Even] if this element is present, [however] the fact that the revenue or profit is applied to the maintenance of the property and the reduction of debt incurred in its construction or acquirement, or otherwise ultimately to the benefit of the public, is not sufficient to create the immunity. . . . To remove the benefit of the principle, however, the operation must contemplate and involve revenue of such amount and nature as to signify a profit resulting therefrom, as CT Page 942 distinguished from the imposition of such nominal or small fee or charge as may fairly be regarded as mere incident of the public service rendered. . . ." (Citations omitted.) Carta v. Norwalk, 108 Conn. 697,702, 142 A. 158 (1929). "[I]f property is not held and used by the city for municipal purposes exclusively, but in considerable part as a source of revenue, the city is responsible, as a private owner would be, for injury sustained through its negligence." Id., 701.
In this case, the defendants provided an affidavit in which Paul Hiller, the town's finance director, stated that the town charged an annual fee of $90 for membership in the fitness center, the town combined the membership fees with the fees charged for other recreation department activities and put this money into an account designated as a trust revolving account. (Defendants' Motion, Affidavit of Hiller, ¶¶ 8, 10.) Hiller also stated that the town used these funds strictly for recreation department activities. He averred that the town provided separate funding for the department's salaries, property insurance and utilities. (Defendants' Motion, Affidavit of Hiller, ¶¶ 11, 12.)
The plaintiff argues that there is a genuine issue of fact as to whether the town was using the fitness center to attract sole proprietorship businesses to the town by allowing owners and employees of such businesses, as nonresidents, to use the fitness center. Further, the plaintiff asserts that there is a genuine issue of fact as to whether the town operated the fitness center for the pecuniary benefit of the municipality. According to Lombardo, in 1997, from approximately 700 to 1250 members used the fitness center each month. (Defendant's Memorandum, Exhibit 8.) The plaintiff contends that the defendants have not established that the membership fees, which would have totaled approximately $100,000. during 1997, did not result in a profit for the town. This contention is accurate. Specifically, the court was not provided with evidence regarding the fitness center's expenses. The evidence before the court is insufficient to establish that there is no issue of fact as to whether the town derived a profit from the fitness center.
Discretionary or Ministerial Acts
The defendants also contend that they are immune from liability because the conduct that forms the basis of the plaintiff's complaint was discretionary. The plaintiff counters by claiming that questions of fact exist as to whether the actions she complains about were discretionary or ministerial. Ordinarily, a government agency may not be held liable for its discretionary acts. "The hallmark of a discretionary act is that it requires the exercise of judgment. On the other hand, ministerial acts are performed in a prescribed manner without the exercise of judgment or CT Page 943 discretion as to the propriety of the action. . . . Although the determination of whether official acts or omissions are ministerial or discretionary is normally a question of fact for the fact finder . . . there are cases where it is apparent from the complaint." (Citations omitted; internal quotation marks omitted.) Colon v. New Haven,60 Conn. App. 178, 182, 758 A.2d 900, cert denied, 255 Conn. 908,763 A.2d 1034 (2000).
In this case, the plaintiff fails to offer any evidence that the defendants' conduct was ministerial. There is no evidence that a state statute or a state or municipal regulation or directive governed the defendant's work in the fitness center or the placement of the equipment therein. Moreover, to the extent that the plaintiff claims that the defendant's were negligent after the treadmill was placed, "what constitutes a reasonable, proper or adequate inspection involves the exercise of judgment. . . . [A]n inspector's decision as to whether a [facility] falls below a standard and whether remedial orders are therefore required involves the exercise of his or her judgment. It is axiomatic that ministerial acts [are those that] are performed in a prescribed manner without the exercise of judgment. . . ." (Emphasis in original; internal quotation marks omitted.) Evon v. Andrews,211 Conn. 501, 506, 559 A.2d 1131 (1989). On the other hand, in his affidavit, Lombardo avers that as an integral part of his job, he makes decisions regarding the operation of the fitness center; and that Kiraly, as assistant director of parks and recreation also has discretionary authority to make decisions about its operation. (Defendants' Motion, Affidavit of Lombardo, ¶¶ 18-21, 26.)
As stated by the court in Green v. Avon, Superior Court, judicial district of New Britain, Docket No. 495934 (June 8, 2001 Swords, J.),
"[T]he plaintiff did not allege in her complaint that the defendant's [actions] . . . violated a proscribed standard set forth in statute, ordinance or directive of any kind. Nor did the plaintiff submit evidence of such a standard with her objection to the motion for summary judgment. Accordingly, the court finds that the plaintiff's allegations can only be construed as discretionary acts."
Identifiable Person/Imminent Harm Exception to Governmental Immunity
"The immunity from liability for the performance of discretionary acts by a municipal employee is subject to three exceptions or circumstances under which liability may attach even though the act was discretionary: first, where the circumstances make it apparent to the public officer that his or her failure to act would be likely to subject an identifiable person to imminent harm . . . second, where a statute specifically provides for a cause of action against a municipality or municipal CT Page 944 official for failure to enforce certain laws . . . and third, where the alleged acts involve malice, wantonness or intent to injure, rather than negligence." (Citations omitted.) Evon v. Andrews, supra, 211 Conn. 505. "[W]here the duty of the public official to act . . . involves the exercise of discretion, the negligent failure to act will not subject the public official to liability unless the duty to act is clear and unequivocal."(Citation omitted:) Gordon v. Bridgeport Housing Authority,208 Conn. 161, 167, 544 A.2d 1185 (1988).
The defendants argue that the only exception available to the plaintiff, the identifiable person/imminent harm exception, is inapplicable to the facts and circumstances of this case. In opposition, the plaintiff contends that her husband qualifies for the exception. The plaintiff also asserts that "[o]nce a danger is clear, the duty to remedy it is obvious and requires no discretion." (Plaintiff's Memorandum, Page 20.) The plaintiff provides evidence that two other individuals fell off of a treadmill before the plaintiff's decedent did so; and asserts that the town, therefore, had notice of the impending danger. (Plaintiff's Memorandum, Exhibits B C.)
The Supreme Court has stated that "the `discrete person/imminent harm' exception to the general rule of governmental immunity for employees engaged in discretionary activities has received very limited recognition in this state." Evon v. Andrews, supra, 211 Conn. 507. This exception applies "not only to identifiable individuals but also to narrowly defined identified classes of foreseeable victims." Burns v. Board of Education,228 Conn. 640, 646, 638 A.2d 1 (1994).
"In delineating the scope of a foreseeable class of victims exception to governmental immunity, our courts have considered numerous criteria, including the imminency of any potential harm, the likelihood that harm will result from a failure to act with reasonable care, and the identifiability of the particular victim. . . . Other courts, in carving out similar exceptions to their respective doctrines of governmental immunity, have also considered whether the legislature specifically designated an identifiable subclass as the intended beneficiaries of certain acts . . . whether the relationship was of a voluntary nature . . . the seriousness of the injury threatened . . . the duration of the threat of injury . . . and whether the persons at risk had the opportunity to protect themselves from. . . . . ." (Citations omitted.)Burns v. Board of Education, supra, 228 Conn. 647-48. Thus, the plaintiff must prove that the decedent was within a narrowly defined class of foreseeable victims; and that he was subject to imminent harm. Tryon v.Town of North Branford, supra, 58 Conn. App. 710.
"An individual may be `identifiable' for purposes of the exception to CT Page 945 qualified governmental immunity if the harm occurs within a limited temporal and geographical zone, involving a temporary condition." Id. For example, in Evon v. Andrews, supra, 211 Conn. 507, the plaintiffs alleged that the city and its officer were negligent in failing properly to enforce various statutes, regulations and codes concerning the maintenance of rental dwellings. The plaintiffs' decedents were killed when a fire destroyed their residence, a multi-family rental unit. The court refused to apply the exception to the case, stating, "the risk of fire implicates a wide range of factors that can occur, if at all, at some unspecified time in the future. The class of possible victims of an unspecified fire that may occur at some unspecified time in the future is by no means a group of identifiable persons. . . . Furthermore, the plaintiffs' decedents were not subject to imminent harm. . . . In the present instance, the fire could have occurred at any future time or not at all. . . . [t]he adoption of a rule of liability where some kind of harm may happen to someone would cramp the exercise of official discretion beyond the limits desirable in our society." (Citations omitted; internal quotation marks omitted.) Id., 508.
In Burns v. Board of Education, supra, 228 Conn. 640, a school child was injured when he slipped on a patch of ice on the main area of campus. In that case, the court explained, "[u]nlike the incident in Evonv. Andrews . . . this accident could not have occurred at any time in the future; rather, the danger was limited to the duration of the temporary icy condition in this partly `treacherous' area of the campus. Further, the potential for harm from a fall on ice was significant and foreseeable." Id., 650. See also Purzycki v. Fairfield, 244 Conn. 101,708 A.2d 937 (1998) (school child was injured in unsupervised hallway during lunchtime, court ruled harm was imminent because it was limited to one half hour each day, and school administrators were aware unsupervised children more likely to engage in horseplay leading to injuries). "The decisions also make clear, . . ., that in order to be an identifiable or foreseeable victim, there must be some basis upon which the defendant could have distinguished the plaintiff from other members of the general public." Gerstenzang v. Glenville News Florist, Inc., Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 152839 (March 15, 2001, D'Andrea J.)
The defendant argues that this accident could have happened to anyone using the treadmill at any time from the time the treadmills were installed. The defendant provided evidence that the treadmills remained in the same position for nearly two years prior to the accident and three years after the accident without incident. (Defendants' Motion, Affidavit of Lombardo ¶¶ 24, 34.) Further, the defendant submitted the attendance records for the center from a twenty-three month period (March, 1995 — January, 1997) which establish that the center was used CT Page 946 67,515 times, averaging 2,935 uses a month. (Defendants' Memorandum, Exhibit 8.)
The plaintiff asserts that the danger of placing the treadmills near a concrete wall was only present during the hours the fitness center was in operation and while the treadmills were being used. The plaintiff submits an excerpt from Lombardo's deposition testimony in which he states that he moved the treadmills after the decedent's accident and that OSHA ordered the treadmills moved. (Plaintiff's Memorandum, Exhibit A.) The plaintiff also submits: a copy of a report containing a report in which an individual claimed to have slipped off a treadmill while he was removing his sweatshirt and hit his back against the concrete wall; and a copy of a report in which another individual claimed that the speed of a treadmill kept increasing on its own and that she finally fell off the treadmill. (Plaintiff's Memorandum, Exhibits B C.)
The Supreme Court has held that the question of whether imminent harm exists is a factual issue for the jury to decide. See Evon v. Andrews,211 Conn. 501, 507, 559 A.2d 1131 (1989); Shore v. Stonington,187 Conn. 147, 153, 444 A.2d 1379 (1982); Sestito v. Groton, 178 Conn. 520,528-29, 423 A.2d 165 (1979). "Whether it is apparent to a defendant that his act or failure to act subjects an identifiable person to imminent harm is a question of fact. . . ." (Citation Omitted.) Kokinchak v.Ratnecht, Superior Court, judicial district of New London at New London, Docket No. 119307 (November 13, 2000, Hurley, J.). See also Luce v. WestHaven, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 038609 (July 19, 2001, Nadeau, J.) (denying summary judgment concerning governmental immunity and any exception to it stating that these matters are best left to a jury to decide).
Based on the evidence provided, this court finds that there exists a genuine issue of material fact concerning whether the plaintiff was an identifiable person subject to imminent harm.
The motion for summary judgment is denied as there exists a genuine issue of material fact concerning whether the defendants are shielded by governmental immunity.
GALLAGHER, J.