[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANTS' MOTION FOR SUMMARY JUDGMENT #120
The plaintiff, James Michael Malloy, was seriously injured in an automobile accident on October 24, 1998, in the town of Colchester, when his vehicle crossed the yellow line and struck a horse that had roamed onto the roadway. The horse was killed as a result of the accident and the plaintiff, who also struck a wire rope guardrail before coming to a stop in a stone culvert, has been permanently paralyzed and rendered a quadriplegic. A police report shows that the plaintiffs blood alcohol content was .035% and he tested positive for marijuana use.
The plaintiff filed a four count complaint on August 25, 2000, alleging statutory and common law negligence against the defendants, Alicia Lathrop, the zoning enforcement officer for Colchester; Donald Favry, the animal control officer of Colchester; and Jenny Contois, the first selectman of Colchester. The plaintiff also brought an indenmification claim against the Town of Colchester based on the alleged negligence of its employees.[1]
The defendants filed a motion for summary judgment on April 22, 2002, on the following grounds: that the plaintiffs claims for negligence fail as a matter of law because the defendants did not owe a statutory duty to the plaintiff; that the plaintiff's claims are barred by the doctrine of governmental immunity under General Statutes § 52-557n; and that the claim against Colchester is derivative of the negligence claims and, therefore, must also fail. In support of their motion, the defendants submit a memorandum of law, the affidavits of Lathrop, Favry and Contois, and portions of the deposition testimony of John Ancona.
The plaintiff has filed several memoranda of law in opposition to the defendants' motion for summary judgment, arguing that issues of fact remain as to whether the defendants are liable for negligence under the common law and § 52-557n, and that summary judgment is therefore inappropriate. In support of his argument, the plaintiff also submits CT Page 13266 deposition testimony of the parties and other witnesses, a diary of Irene McMarrow (the Anconas' neighbor), copies of certain town ordinances, and the affidavits of CeCe Young and Avery Chapman. A trial date has been set for November 20, 2002. Oral argument was heard on this motion on July 1, 2002.
 DISCUSSION
"Practice Book . . . [§ 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.) Rivera v.Double A Transportation, Inc., 248 Conn. 21, 24, 727 A.2d 204 (1999). It is well established that "summary judgment procedure is especially ill-adapted to negligence cases, where . . . the ultimate issue in contention involves a mixed question of fact and law, and requires the trier of fact to determine whether the standard of care was met in a specific situation. . . . A determination of negligence is necessarily one of fact." (Citations omitted; internal quotation marks omitted.) Maffucciv. Royal Park Ltd. Partnership, 42 Conn. App. 563, 568-69, 680 A.2d 333
(1996).
The plaintiff has alleged violations of General Statutes §§ 22-329a,22-332, 22-331 and 22-344 with regard to the various negligence claims against Lathrop, Favry and Contois. More specifically, the plaintiff alleges that Favry failed to take control of the horse after repeated complaints that it was neglected and allowed to roam on or near a public highway; that he failed to enforce the law, to make any inquiry into the cause of the roaming animal, to notify the owners or to take any action to prevent the neglect of the animal and the subsequent safety hazard it created. As to Lathrop, the plaintiff alleges that she failed to enforce the zoning regulations with regard to buildings and fencing, to conduct a proper search after numerous complaints, to issue a cease and desist order and to warn the parties involved of the potential violations and safety hazards. The plaintiff alleges negligence on behalf of Contois in her capacity as first selectman in that she failed to supervise the other defendants and failed to administer and enforce the laws after being made CT Page 13267 aware of repeated complaints with regard to the Anconas and their animals. Lastly, under General Statutes § 7-465, the plaintiff claims indemnification from Colchester for the negligence of its employees.
In their memorandum of law in support of their motion for summary judgment, the defendants argue that they did not owe a statutory duty to the plaintiff and that, therefore, the negligence claims fail as a matter of law. More specifically, they argue that the plaintiff is not within the class of persons that the statutes intend to protect, nor is his injury the type of injury protected. Moreover, the defendants argue that the negligence claims against them are barred by the doctrine of governmental immunity under General Statutes § 52-557n, in that all the allegations in the plaintiffs complaint required the exercise of judgment and discretion as an official function of their authority granted by law. Lastly, they argue that because a municipality's liability is derivative; Kaye v. Manchester, 20 Conn. App. 439, 443-44,568 A.2d 459 (1990); the allegations against the town must also fail.
The plaintiff argues that the defendants' acts were ministerial, not discretionary, and therefore do not qualify under the immunity statute. Moreover, even if they were deemed to be discretionary acts, the plaintiff argues that the defendants are still liable under statutory and common law exceptions to governmental immunity.
"The essential elements of a cause of action in negligence are well established: duty, breach of that duty; causation; and actual injury." (Internal quotation marks omitted.) Bonan v. Goldring Home Inspections,Inc., 68 Conn. App. 862, 871, 794 A.2d 997 (2002). "[T]he determination of whether a duty exists is ordinarily a question of law . . . although, under some circumstances, the question involves elements of both fact and law." (Citation omitted.) LaFlamme v. Dallessio, 261 Conn. 247, 251, (2002). To support the argument that they did not owe a duty to the plaintiff, the defendants submitted Favry's affidavit, which provides the following in pertinent part: that the enforcement of the various statutes cited by the plaintiff pertain to cruelty to animals; that there is no statute pertaining to roaming horses; that he does not have the authority to seize a roaming horse, but rather, that he has jurisdiction only over roaming dogs; that, therefore, his actions in this case involved the exercise of judgment and discretion; that in the month prior to the accident, he received no complaints regarding a roaming horse or abuse and neglect; and that he was not aware of any violations relating to the property. (Defendants' Exhibit C, Affidavit of Donald Favry, March 12, 2002, ¶¶ 5-7, 9-13.) Lathrop's affidavit states that the decisions she made were subject to her judgment and discretion; that she received no complaints regarding roaming horses; that she was not aware of any CT Page 13268 violations; and that, as far as she was aware, the Anconas complied with the town's zoning requirements. (Defendants' Exhibit D, Affidavit of Alicia Lathrop, February 28, 2002, ¶¶ 6-8, 10.) Lastly, the affidavit of Contois states that she is responsible for the general oversight of the town departments; that her duties require the exercise of judgment and discretion; and that she received no complaints of any violations with regard to the Anconas. (Defendants' Exhibit E, Affidavit of Jenny Contois, March 6, 2002, ¶¶ 4-8.)
In opposition, the plaintiff points to the deposition testimony of McMarrow that numerous complaints were lodged over the years with regard to roaming animals and that the town and its employees failed to take any action. (Plaintiff's Exhibit 2, Deposition Testimony of Irene McMarrow, [McMarrow Deposition] December 4, 2001) The plaintiff argues that a question of fact remains as to whether the defendants owed a duty to the plaintiff under the various statutes and whether the actions of the defendants were ministerial or discretionary. In support of this argument, the plaintiff offers the deposition testimony of Favry attesting that he had knowledge of numerous complaints with regard to roaming animals; that he knew the fencing was inadequate; that he had the discretion to make no inspection at all; and that he had no jurisdiction over any animals other than dogs. (Plaintiff's Exhibit 4, Deposition Testimony of Donald Favry [Favry Deposition], June 13, 2002, pp. 10-17, 20, 25-28, 29-32, 38-45.) Both Favry and Lathrop testified that inspection under these circumstances was not within their authority; yet Favry further testified that with respect to complaints made by McMarrow regarding the Anconas, unless she was willing to be named in the complaints, he would not go out and investigate. (Favry Deposition, pp. 41-45, 53-54; Plaintiff's Exhibit 5, Deposition Testimony of Alicia Lathrop, June 13, 2002, pp. 14, 26-30.)
"The hallmark of a discretionary act is that it requires the exercise of judgment. On the other hand, ministerial acts are performed in a prescribed manner without the exercise of judgment or discretion as to the propriety of the action." (Internal quotation marks omitted.) Segreto v.Bristol, 71 Conn. App. 844, 851, ___ A.2d ___ (2002). "[T]he determination of whether official acts or omissions are ministerial or discretionary is normally a question of fact for the fact finder." (Internal quotation marks omitted.) Colon v. New Haven, 60 Conn. App. 178,181, 758 A.2d 900, cert. denied, 255 Conn. 908, 763 A.2d 1034 (2000). The plaintiff argues that the refusal to acknowledge the authority to act is a breach of a ministerial duty and not a discretionary one, where all defendants had ample notice of conditions that were threatening to public safety, and where the statute provides that the animal control officer shall make a diligent search and inquiry into any violations of the law CT Page 13269 regarding roaming dogs "or other animals." General Statutes § 22-332
(a).[2] Based on the evidence in the record, the plaintiff has sufficiently met his burden of showing the existence of disputed facts as to whether the defendants owed a duty and the nature of that duty.
Lastly, the plaintiff argues that even if the actions of the defendants were discretionary, a question of fact remains with regard to whether a statutory or common law exception applies to the circumstances of this case. One exception under which liability may attach to the performance of discretionary acts of a municipal employee is where "a statute specifically provides for a cause of action against a . . . municipal officer for failure to enforce certain laws. . . ." (Internal quotation marks omitted.) Colon v. New Haven, supra, 60 Conn. App. 181. As stated earlier, the defendants submitted their own affidavits stating that they had no knowledge of any complaints regarding the Anconas. The defendants also submitted portions of John Ancona's deposition, claiming that he has never abused or neglected any animals; that his horses were always fenced in; and that the morning after the accident, he inspected his fencing to see how the horse had gotten loose and noticed a section had been broken. (Defendants' Exhibit B, Transcript Testimony of John Ancona, May 4, 2001, pp. 36, 39, 40.)
General Statutes § 52-557n provides in relevant part that a municipal employee "shall not be liable for damages . . . resulting from . . . failure to make an inspection or making an inadequate or negligent inspection of any property . . . to determine whether the property complies with or violates any law or contains a hazard to health or safety, unless [the employee] had notice of such a violation of law or such a hazard or unless such failure to inspect constitutes a reckless disregard for health or safety under all the relevant circumstances." (Emphasis added.) General Statutes § 52-557n (b) (8). There is also a common law exception to immunity, "where the circumstances make it apparent to the public officer that his or her failure to act would be likely to subject an identifiable person to imminent harm. . . ." (Internal quotation marks omitted.) Colon v. New Haven, supra,60 Conn. App. 181. In support of his argument that issues of fact remain with regard to notice of violations of law and/or hazards to safety, the plaintiff offers as evidence the building and fencing zoning ordinances, emphasizing the requirement of substantial fencing in areas close to pedestrian or vehicular traffic where hazardous conditions exist; (Plaintiff's Exhibits 7 and 8, Building and Fencing Ordinances, Town of Colchester.); expert witness testimony with regard to adequate fencing and the obvious hazards to safety if not enforced; (Plaintiff's Exhibit 9, Affidavit of CeCe Younger, June 28, 2002; Plaintiff's Exhibit 10, Affidavit of Avery Chapman, September 10, 2002); and, most important, the CT Page 13270 diary of McMarrow, the neighbor, which documents the roaming of animals owned by the Anconas and McMarrow's numerous attempts to notify the town to find a solution over a period of approximately ten years, along with McMarrow' s deposition testimony on the same subject. (McMarrow Deposition, December 4, 2001; Plaintiff's Exhibit 3, McMarrow Diary)
After careful consideration of all the evidence, and construing the evidence in the light most favorable to the nonmoving party, the court finds that the plaintiff has sufficiently met his burden of showing that issues of material fact remain with regard to whether the defendants owed a duty to the plaintiff as a resident of Colchester; whether this duty was ministerial or discretionary in nature; and whether, if discretionary, the defendants had ample notice of any violations or hazards to the health and safety of the public so as to attach liability. Summary judgment is therefore inappropriate and the motion is denied.
D. Michael Hurley, JTR