[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO STRIKE
On November 6, 2001, the plaintiff, Town of Granby, filed this action seeking temporary and permanent injunction against the defendant, Robert Schlicht, for refusing to comply with the town's request to cease construction of a stone wall along Cooley Road in Granby. On February 13, 2002, the defendant filed a five-count counterclaim against the town alleging: (1) conversion by the town of the stones belonging to the defendant; (2) negligence while working on the wall, in failing to push back any portion of the stone wall that was on the public right of way onto the defendant's land; (3) violation of General Statutes §§ 13a-84
and 13a-137 for taking the defendant's property without reasonable compensation; (4) unjust enrichment for the removal of the stones and other materials on the defendant's property; and (5) filing a retaliatory lawsuit against the defendant when no such similar action has been taken against the owners of stone walls which are or may be in the public right of way.
On April 10, 2002, the town filed this motion to strike each count of the defendant's counterclaim on the grounds that (1) the claims advanced by the defendant's counterclaim do not satisfy the transaction test of Practice Book § 10-10 for bringing a counterclaim; (2) it is immune from liability as to the defendant's negligence claim in count two of the counterclaim; and (3) the retaliation claim brought in count five is not cognizable under Connecticut law. On May 16, 2002, the defendant filed a memorandum of law in opposition to the town's motion to strike and the town filed a reply on May 24, 2002.
 I.
The town first moves to strike the defendant's counterclaim on the ground that it does not arise out of the same transaction as the subject matter of the complaint, as required by Practice Book § 10-10.
"In any action for legal or equitable relief, the CT Page 14833 defendant may file counterclaims against the plaintiff provided that each counterclaim arises out of the transaction that is the subject of the plaintiffs complaint. . . . A counterclaim is a cause of action existing in favor of a defendant against a plaintiff that a defendant pleads to diminish, defeat or otherwise affect a plaintiffs claim. It allows a recovery by the defendant. . . . The rule permits joinder of closely related claims arising out of the same transaction where such joinder is in the best "interests of judicial economy. . . . The transaction test is a practical one, and the trial court's determination as to whether that test has been met ought not to be disturbed except for an abuse of discretion. "
Carothers v. Connecticut Building Wrecking Co., 19 Conn. App. 216, 220,561 A.2d 971 (1989).
In this case, the town alleges that the defendant failed to comply with the town's request to cease construction of the wall along Cooley Road. The defendant's counterclaim alleges numerous claims with regard to the town's own improper acts and/or omissions with regard to the very same wall at issue. It appears that the facts forming the basis upon which the defendant claims relief are sufficiently closely related to the subject of the town's complaint, so that judicial economy will be served by joinder of the claims in one action. Consequently, the town's motion to strike the defendant's counterclaim on this ground is denied.
 II.
The town additionally moves to strike count two on the ground that it is immune from liability as to the defendant's negligence claim, because under the doctrine of governmental immunity, it is immune from liability when its duties are discretionary rather than ministerial in nature. Defendant contends that the town, pursuant to its statutory duty to maintain and repair roads, conducted repairs or alterations on Cooley Road and in the process trespassed on the defendant's property and damaged the defendant's stone wall, and that these actions were ministerial in nature:
Our Appellate Court has stated:
"A municipality itself was generally immune from liability for its tortious acts at common law. . . . CT Page 14834 The general rule developed in the case law is that a municipality is immune from liability unless the legislature has enacted a statute abrogating that immunity. . . . Statutes that abrogate or modify governmental immunity are to be strictly construed. . . . This rule of construction stems from the basic principle that when a statute is in derogation of common law or creates a liability where formerly none existed, it should receive a strict construction and is not to be extended, modified, repealed or enlarged in its scope by the mechanics of construction. "
Segreto v. Bristol, 71 Conn. App. 844, 849-50, 804 A.2d 928, cert. denied, 261 Conn. 941 (2002).
The decision goes on to observe that General Statutes § 52-557n
abrogates the common-law rule of governmental immunity and sets forth the circumstances in which a municipality is liable for damages to person and property and that a municipal employee may be liable if he misperforms a ministerial act as opposed to a discretionary act. The decision further points out that the hallmark of a discretionary act is that it requires the exercise of judgment. On the other hand, ministerial acts are performed in a prescribed manner without the exercise of judgment or discretion as to the propriety of the action." Id., 851.
In the present action although the defendant relies on § 52-557n
and claims that the town's actions were ministerial in nature, he cites no statutory authority to support his claim that the repairs or alterations were performed in a prescribed manner and therefore ministerial. Nor does the defendant cite any case law interpreting §52-557n that supports his position. The allegation in count two of the counterclaim appears to describe discretionary acts by the municipal agents and/or employees. Accordingly, the town's motion to strike count two is granted.
 III.
The defendant alleges in the fifth count of his counterclaim that the town's lawsuit is retaliatory in nature. The town moves to strike count five on the ground that the defendant's retaliatory claim is not cognizable under Connecticut law. In the present case, the defendant has failed to submit any case law to support the existence of a cause of action for retaliatory lawsuit nor does any supporting authority appear to exist for such a cause of action under Connecticut law. CT Page 14835
Motion to strike counts one, three and five of the defendant's counterclaim is denied. Motion to strike counts two and five is granted.
___________________ Wagner, JTR CT Page 14836