[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION FOR SUMMARY JUDGMENT (122) AND OBJECTION TO MOTION FOR SUMMARY JUDGMENT (124)
Introduction
In the First Count of the Revised Complaint dated April 2, 2001 filed in this action, the Plaintiff, Eugene Sammartino, sues Edward Turn, "in his capacity as First Selectman" of the Town of Andover, for slander involving a statement that he allegedly made in January 1998 involving the Plaintiff. In the Second Count of the Revised Complaint the Plaintiff sues Edward Turn, "in his capacity as First Selectman" of the Town of Andover, for slander involving a statement that he allegedly made on February 15, 1998 involving the Plaintiff. In the Third Count of the Revised Complaint the Plaintiff sues Edward Turn, "in his capacity as First Selectman" of the Town of Andover, for slander involving statements that he allegedly made on April 1, 1998 involving the Plaintiff. In the Fourth Count of the Revised Complaint the Plaintiff also sues the Town of Andover for slander alleging that the statements made by Turn were made in his capacity as First Selectman of Andover and that the town received notice pursuant to Connecticut General Statutes § 7-101 (d).
The First Count of the Revised Complaint was ordered stricken by the court on September 17, 2001.
The Defendants have now moved for summary judgment on the remaining counts claiming governmental immunity, that the statements made were substantially true, and that Turn made the statements in his capacity as First Selectman and as such they are protected by absolute privilege. The Plaintiff claims that governmental immunity does not apply to an intentional tort such as slander, that the truth of the statements should be left to the trier of fact, and that absolute privilege does not apply because the statements were not made in either a legislative or judicial proceeding.
Discussion CT Page 2880
Practice Book § 17-49 provides that summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." A "`defendant's motion for summary judgment is properly granted if it raises at least one legally sufficient defense that would bar the plaintiff's claim and involves no triable issue of fact.' Perille v.Raybestos-Manhattan-Europe, Inc., 196 Conn. 529, 543, 494 A.2d 555
(1985)." Christian v. Gouldin, 72 Conn. App. 14, 19 (2002).
As a preliminary manner it is important to identify the parties named as Defendants in this case. "[T]he identities of the parties are determined by their description in the summons. See General Statutes § 52-45a; Practice Book § 8-1(a)." Hultman v. Blumenthal,67 Conn. App. 613, 620 (2002) (footnotes omitted). Here the summons identifies the Defendants as "Turn, Edward, First Selectman" and "Town of Andover." The Second and Third Counts of the Revised Complaint are entitled "Slander as to Edward Turn, in his capacity as First Selectman." Thus Turn is named as a Defendant not in his individual capacity but in his capacity as First Selectman. "`[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office . . . As such, it is no different from a suit against the State itself.' (Citation omitted.) Willv. Michigan Dept. of State Police, 491 U.S. 58, 71, 109 S.Ct. 2304,105 L.Ed.2d 45 (1989). `[A] plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the government entity itself.' Kentucky v. Graham, 473 U.S. 159, 166, 105 S.Ct. 3099,87 L.Ed.2d 114 (1985)." Antinerella v. Rioux, 44 Conn. Sup. 368, 370
(1995). "Official-capacity suits . . . `generally represent only another way of pleading an action against an entity of which an officer is an agent.' Monell v. New York City Dept. of Social Services, 436 U.S. 658,690, n. 55 (1978). As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. Brandon,469 U.S., at 471-72. It is not a suit against the official personally, for the real party in interest is the entity." Kentucky v. Graham,473 U.S. 159, 165-66 (1985).
The Fourth Count of the Revised Complaint is entitled "slander as to the Town of Andover." Thus the real Defendant in this case as to all counts is the Town of Andover.
"`A municipality itself was generally immune from liability for its tortious acts at common law . . . Gordon v. Bridgeport HousingCT Page 2881Authority, [208 Conn. 161, 165, 544 A.2d 1185 (1988)]. Governmental immunity may, however, be abrogated by statute. The state legislature possesses the authority to abrogate any governmental immunity that the common law gives to municipalities. Ryszkiewicz v. New Britain,193 Conn. 589, 593, 479 A.2d 793 (1984). The general rule developed in the case law is that a municipality is immune from liability unless the legislature has enacted a statute abrogating that immunity. Williams v.New Haven, [243 Conn. 763, 766-67, 707 A.2d 1251 (1998)]. Statutes that abrogate or modify governmental immunity are to be strictly construed . . . This rule of construction stems from the basic principle that when a statute is in derogation of common law or creates a liability where formerly none existed, it should receive a strict construction and is not to be extended, modified, repealed or enlarged in its scope by the mechanics of construction . . . Rawling v. New Haven, 206 Conn. 100,105, 537 A.2d 439 (1988). The court is to go no faster and no further than the legislature has gone . . . A legislative intention not expressed in some appropriate manner has no legal existence. Edmundson v. Rivera,169 Conn. 630, 633, 363 A.2d 1031 (1975). . . The legislature . . . has set forth general principles of municipal liability and immunity in General Statutes § 52-557n. Williams v. New Haven, [supra, 767]."Segreto v. Bristol, 71 Conn. App. 844, 849-50 (2002).
Consequently the Plaintiff cannot pursue his claims against the Defendants, in essence the Town, unless they come within the abrogation of governmental immunity set forth by the legislature in the statute. General Statutes § 52-557n provides: "(a)(1) Except as otherwise provided by law, a political subdivision of the state shall be liable for damages to person or property caused by: (A) The negligent acts or omissions of such political subdivision or any employee, officer or agent thereof acting within the scope of his employment or official duties; (B) negligence in the performance of functions from which the political subdivision derives a special corporate profit or pecuniary benefit; and (C) acts of the political subdivision which constitute the creation or participation in the creation of a nuisance; provided, no cause of action shall be maintained for damages resulting from injury to any person or property by means of a defective road or bridge except pursuant to section 13a-149. (2) Except as otherwise provided by law, a political subdivision of the state shall not be liable for damages to person or property caused by: (A) Acts or omissions of any employee, officer or agent which constitute criminal conduct, fraud, actual malice or wilful misconduct; or (B) negligent acts or omissions which require the exercise of judgment or discretion as an official function of the authority expressly or impliedly granted by law."
"Section 52-557n abrogates the common-law rule of governmental immunity CT Page 2882 and sets forth the circumstances in which a municipality is liable for damages to person and property. These circumstances include the negligent acts or omissions of the political subdivision or its employees or agents, negligence in the performance of functions from which the political subdivision derives a special corporate profit or pecuniary benefit and acts which constitute the creation or participation in the creation of a nuisance. General Statutes § 52-557n (a). The section goes on to exclude liability for acts or omissions of any employee or agent which constitute criminal conduct, fraud, actual malice or wilful misconduct and negligent acts that involve the exercise of judgment or discretion. General Statutes § 52-557n (a). The statute further sets forth ten other circumstances in which a municipality shall not be liable for damages to person or property. General Statutes § 52-557n (b).' (Internal quotation marks omitted.) Tryon v. North Branford,58 Conn. App. 702, 720-21, 755 A.2d 317 (2000)." Segreto v. Bristol,71 Conn. App. 844, 850 (2002).
Thus the Plaintiff's claims can only survive if they come within the waiver of governmental immunity set forth in the statute. That waiver includes the "negligent acts or omissions of . . . any . . . officer . . . acting within the scope of his . . . official duties." Thus the legislature has imposed liability on a town for the negligence of its employees and officials and waived its common-law immunity to that extent. However a municipality is still immune from liability for the intentional torts of its employees and officials.
As noted above, a town generally is immune from liability for its tortious actions other than as allowed by the legislature. Here the legislature has imposed liability on a town for the negligent acts and omissions of its employees and officials but not where the allegations involve intentional acts by the town's employees. The Plaintiff argues that governmental immunity does not apply because defamation is an intentional tort. It is true that governmental immunity would not shield an individual sued in that capacity for an intentional tort. Here Turn is not sued individually but in as much as he occupies the office of First Selectman. Since a town, like the state, can only act through its officers and employees a suit against a municipal official in his capacity as such is a suit against the town. Thus the principles of governmental immunity apply to both Turn and the town, even as to a claim of slander. That immunity, however, continues to shield the town and town officials since by statute the town is not liable directly for the intentional torts of its officials or employees.
Although the Plaintiff cites General Statutes § 7-101 a in his complaint, that statute is an indemnification statute. However, the CT Page 2883 provisions of that statute do not provide for any liability on the part of the town or a town official for the intentional torts of an individual occupying a town office. West Haven v. Hartford Ins. Co., 221 Conn. 149,159 (1992). In fact, General Statutes § 7-465 specifically states that its indemnification provisions "shall not apply to libel or slander proceedings brought against any such employee and, in such cases, there is no assumption of liability by any town, city or borough."
The legislative scheme clearly provides that a town will be liable and subject to suit for the negligence of its employees. Otherwise the town continues to be immune from liability pursuant to its common-law governmental immunity. This does not mean that an individual cannot be sued for those acts that a town cannot be, such as intentional torts. The cases cited by the Plaintiff bear this out. For example, in Evon v.Andrews, 211 Conn. 501 (1989), the Court noted that a municipal employee's qualified immunity from liability will be lost where he is alleged to have engaged in an act intending to injure another.
Governmental immunity will not shield a town official from liability in his individual capacity for intentional torts, such as slander, but that is not the situation here. Here the Plaintiff seeks to sue the town and a town official for slander. Governmental immunity is a complete defense to such an action. Since summary judgment is appropriate on this ground alone, the court need not reach the other grounds claimed by the Defendants.
Conclusion
The Defendants' Motion for Summary Judgment is granted and the Plaintiff's Objection to Motion for Summary Judgment is overruled.
Jane S. Scholl, J. CT Page 2884