[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT #121
On December 21, 2000, the plaintiff, Joseph Fusco, filed an amended six-count complaint against the defendants, the town of Branford; the Branford board of education; Bruce Strong, superintendent of schools; Ann Dombrowski, principal of Walsh Intermediate School; Branford Hall School of Business (Branford Hall); and CEC Partnership. The plaintiff alleges that on October 19, 1998, he attended a graduation ceremony at the Walsh Intermediate School in Branford, Connecticut, for students of Branford Hall. Upon exiting the building, the plaintiff alleges that he was injured when he tripped in the hallway on rippled carpet, lost his balance and fell through a fixed sidelight.
Counts one through four assert claims of negligence against the town, the board of education, Strong and Dombrowski, respectively. Counts five and six assert claims in negligence against the remaining defendants who are not parties to the motion currently before this court. Hereinafter, all references to the defendants in this decision are to the town, the board of education, Strong and Dombrowski.
On January 2, 2001, the defendants filed an answer to the plaintiff's complaint,[1] asserting three special defenses to counts one through four. The first special defense asserts contributory negligence, the second defense asserts governmental immunity and the third defense asserts legal insufficiency. On January 29, 2001, the plaintiff replied to the defendants' special defenses, denying them all.
On June 6, 2002, the defendants filed a motion for summary judgment on counts one through four of the complaint based on their second special defense, governmental immunity. In their motion they state specifically that "the plaintiff has failed to plead a statute that abrogates the defendant's governmental immunity; neither of the individual defendants owed any specific duty to the plaintiff; the decisions of the individual defendants are discretionary and the doctrine of governmental immunity shields them from liability for their alleged negligence; no claim for CT Page 3555 indemnification exists in the hands of the plaintiff under C.G.S. §10-235 and; the application of governmental immunity to the claims against the individual defendants bars a successful indemnification claim from the Town of Branford under C.G.S. § 7-465." In support of their motion the defendants have filed a memorandum of law accompanied by a number of exhibits and affidavits. On August 16, 2002, the plaintiff filed a memorandum of law in opposition to the defendants' motion with supporting exhibits.
Practice Book § 17-49 "provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) Elliott v. Waterbury, 245 Conn. 385, 391,715 A.2d 27 (1998).
The defendants' principal argument is that they are shielded from suit by governmental immunity, and that the plaintiff has failed to plead any statute that abrogates that immunity. The plaintiff offers a number of arguments in opposition, including the argument that although not pleaded, he is relying on General Statutes § 52-557n, which provides in subsection (a) (1) that "[e]xcept as otherwise provided by law, a political subdivision of the state shall be liable for damages to person or property caused by: (A) The negligent acts or omissions of such political subdivision or any employee, officer, or agent thereof acting within the scope of his employment or official duties . . ." The plaintiff further argues that even if the duty owed by the defendants to the plaintiff is found to be discretionary, an exception to qualified immunity for discretionary acts applies in this case.
With respect to the defendants' argument that summary judgment should enter in their favor on counts one and two because the plaintiff has failed to plead a statute abrogating the defendants' governmental immunity, this court points to its decision in Bentley v. City of NewHaven, judicial district of New Haven at New Haven, Docket No. CV 97 0403487 (September 4, 2001). In Bentley, this court noted that "[a]lthough Practice Book § 10-3(a) provides that when any claim in a complaint is grounded on a statute, the statute shall be specifically identified by its number, this rule has been construed as directory rather than mandatory . . . As long as the defendant is sufficiently apprised of the nature of the action . . . the failure to comply with the directive of Practice Book § 10-3(a) will not bar recovery." (Citations omitted.) Id., quoting Colon v. New Haven, 60 Conn. App. 178, CT Page 3556 188 n. 4, 758 A.2d 900, cert. denied, 255 Conn. 908, 763 A.2d 1034
(2000). Although the plaintiff in the present case did not allege his reliance on § 52-557n, he has, like the plaintiffs in Bentley, briefed his argument that this statutory scheme abrogates the municipalities' governmental immunity. Based on this court's reasoning inBentley, the defendants' motion for summary judgment on counts one and two on the ground that the plaintiff has failed to plead a statute abrogating governmental immunity is denied.
"A municipality itself was generally immune from liability for its tortious acts at common law . . ." (Internal quotation marks omitted.)Segreto v. Bristol, 71 Conn. App. 844, 849, 804 A.2d 928 (2002). General Statutes § 52-557n, the statute on which the plaintiff relies, "abrogates the common-law rule of governmental immunity and sets forth the circumstances in which a municipality is liable for damages to person and property. These circumstances include the negligent acts or omissions of the political subdivision or its employees or agents, negligence inthe performance of functions from which the political subdivision derivesa special corporate profit or pecuniary benefit and acts which constitute the creation or participation in the creation of a nuisance. General Statutes § 52-557n (a)." (Emphasis added; internal quotation marks omitted.) Id., 850.
In the present case, the plaintiff has alleged in paragraph two of both the fifth and sixth counts that Branford Hall (count five) and CEC Partnership (count six) "leased or rented from the defendants, Town of Branford and/or Branford Board of Education the Walsh Intermediate School for the purpose of conducting a graduation ceremony." Branford Hall and CEC Partnership have admitted these allegations. Neither the plaintiff nor defendants address this allegation that the town and board were involved with a rental or leasing agreement with Branford Hall and/or CEC Partnership.[2] Assuming, without deciding, that the town and/or the board derived a pecuniary benefit from the lease or rental of Walsh School to Branford Hall and/or CEC Partnership, the town and/or board would be liable for negligence pursuant to § 52-557n (a) (1) (B). This court therefore finds that because a genuine issue of material fact exists as to the relationship between the town/board and Branford Hall and CEC Partnership, the defendants cannot be said to be shielded by governmental immunity as a matter of law. Furthermore, "[a]lthough the determination of whether a duty exists is ordinarily a question of law . . . under some circumstances, the question involves elements of both fact and law." (Citation omitted.) LaFlamme v. Dallessio, 261 Conn. 247, 251,802 A.2d 63 (2002). Given the circumstances of the present case, this court cannot, as a matter of law, determine what duty, if any, is owed to the plaintiff, because that determination is dependent upon the CT Page 3557 unresolved facts as to the parties' relationships. The defendants' motion for summary judgment on counts one through four of the plaintiff's complaint is therefore denied.
 Howard F. Zoarski Judge Trial Referee